TONEY, APPELLANT, *v.* BERKEMER, SHERIFF, ET AL., APPELLEES.

[Cite as Toney *v.* Berkemer (1983), 6 Ohio St. 3d 455.]

(No. 82-1518—Decided September 7, 1983.)

458

*Mr. Robert C. Paxton II, Mr. Walter W. Grelle, Jr.,* and *Mr. Russell P. Herrold III,* for appellant.

*Messrs. Bricker & Eckler* and *Mr. David K. Conrad,* for appellees.

J. P. CELEBREZZE, J. The issue presented here is whether the trial court abused its discretion in granting the default judgment in favor of appellees.

Civ. R. 37(A) and (B) provide broad discretion to the trial court to impose sanctions for failure to comply with the trial court's discovery orders. However, the United States Supreme Court has held that the harsh remedies of dismissal and default should only be used when the "* * * failure to comply has been due to * * * willfulness, bad faith, or any fault of petitioner." *Societe Internationale* v. *Rogers* (1958), 357 U.S. 197, 212. A trial court's imposition of the sanction of dismissal cannot be disturbed unless the dismissal was an abuse of the trial court's discretion. See *Ward* v. *Hester* (1973), 36 Ohio St. 2d 38 [65 O.O.2d 181].

Our examination of appellant's answers to the interrogatories and appellant's response to the document request reveals the following. This is basically an assault and battery action. Hence, the information sought by the interrogatories and document request, pertaining to the alleged injuries, alleged aggravation of prior injuries and alleged loss of wages, which information is relevant for the purpose of satisfying the discovery rules and is also of considerable weight in determining whether a default judgment sanction is appropriate here. However, the information sought by the other interrogatories and document request, although relevant for the purpose of satisfying the discovery rules, is not so sufficiently relevant to the conduct of the instant case that the appellant must respond or face the drastic sanction of default judgment. *Dunbar* v. *United States* (C.A. 5, 1974), 502 F. 2d 506. Hence, with regard to the aforementioned essential information (alleged injuries, etc.) requested by appellees, we are of the opinion that appellant has complied with the trial court's discovery order to the extent necessary so as not to prejudice appellees' case for trial. *Edgar* v. *Slaughter* (C.A. 8, 1977), 548 F. 2d 770, 772-773.

In addition, appellant, through his counsel, gave valid health reasons for the brief delay in responding to appellees' interrogatories and document request; gave a valid reason for the brief delay in submitting his verification to the answers to the interrogatories; and gave a valid reason for the brief delay in submitting Dr. Halas' six-page medical report covering the injuries which form the basis of the lawsuit. Appellant offered to provide appellees with his authorization so that they could obtain his medical records. Moreover, ap-

pellant demonstrated his willingness to aid the trial court by informing the court that he would provide additional information if requested.

Based upon the foregoing, we find that the trial court abused its discretion in granting the default judgment in favor of appellees. The record reveals mitigating factors for appellant's brief delay in answering the interrogatories and responding to the document request. The record does not show that appellant willfully or in bad faith failed to answer the essential interrogatories (alleged injuries, etc.) or respond to the essential request for the production of documents. If the appellant failed to submit damage documentation (medical bills and lost wages), then the appropriate sanction here is the preclusion of evidence on these subjects rather than the harsh remedy of default judgment.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., concur.

HOLMES, J., concurs in judgment only.

W. BROWN and LOCHER, JJ., dissent.

WILLIAM B. BROWN, J., dissenting. Because it is incredible to me that the majority could construe appellant's actions as anything other than lacking in good faith and a willful failure to comply with a discovery order and because the majority opinion ignores a central issue in this case, I must respectfully dissent.

In order to clarify my position, a restatement of portions of the factual setting of this case, with significant additions, is necessary. On January 7, 1982, the trial court sent counsel a notice for pretrial to be heard on February 16, 1982. This notice directed counsel to have discovery completed or specific arrangements made by the time of the pretrial. Appellant partially responded to appellees' interrogatories on January 22, 1982, but failed to make any response to the document request prior to the day of pretrial.

At the pretrial on February 16, the trial judge reviewed the incomplete responses to appellees' discovery requests and made the pretrial order quoted in the majority opinion. Appellant's counsel was present at the time of the pretrial but entered no objection to the above-mentioned order.

Since no further response from appellant was forthcoming by the specified date, appellees filed a motion for sanctions on February 22. The deficiencies asserted in appellant's answers to appellees' interrogatories were as follows: the answers provided were not under oath, five questions contained no answer, five questions were objected to without grounds being

stated, and twelve questions contained partially or totally non-responsive answers. Additionally, appellees claimed that appellant's answer to the document request was insufficient, the two documents supplied at pretrial were an inadequate response, and various other documents responsive to the document request were either in appellant's possession or accessible to him or his attorney. It should be noted that both the trial court and the court of appeals reviewed appellant's answers to the interrogatories and answer to the document request and agreed that the discovery responses were not good faith efforts to provide complete answers.

In response to the motion for sanctions appellant filed a memorandum on March 5, 1982, asserting sufficient compliance with the court's order. For the first time, appellant also asserted that the order was unreasonable. However, appellant's response to the discovery requests and the court order was still inadequate. The memorandum gave a reason for only one of the five questions which had previously been objected to, it replaced the complete failure to answer five questions by objecting to four of them without reason, and it argued that the twelve non-responsive answers were sufficient or were answered in other documents. The trial court and the court of appeals reviewed these responses and still concluded that appellant failed to make a good faith effort to provide complete responsive answers.

On February 23, 1982, the trial court sent the following notice to the parties: "The parties will take notice that the motion of defendants for sanction will come before the Court for non-oral hearing Tuesday, March 9, 1982." On the scheduled date, the court granted the motion of defendants for the sanction of default judgment. Thereafter, appellant filed a motion to reconsider the default judgment order and the court conducted an oral hearing on the motion on March 31, 1982. At that hearing, appellant's counsel gave explanations and excuses for the failure to provide responses but still failed to comply with the court's order to provide complete responsive answers. The motion for reconsideration was denied.

The court of appeals set forth the applicable law that a trial court has general authority to grant default judgment for failure to comply with the court's orders regarding discovery pursuant to Civ. R. 37 (B)(2)(c) and Civ. R. 41 (B)(1). The trial court's decision in this regard cannot be disturbed unless there was an abuse of the trial court's discretion. *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89.

Appellant argues that there was no evidence of willfulness in the record. Appellant also argues that the order was unreasonable in its time for compliance and in the scope of the notice it afforded so that appellant might take steps to avoid the sanction. Thus, appellant concludes that there was no proper order with which it had to comply.

However, the time limit is misleading since counsel was instructed in open court of the inadequacy of the answers and made no attempt to correct them. Additionally, the discovery requests were originally served on November 18, 1981, appellant did not object to the response date set at the pretrial hearing, and the case was not finally dismissed until March 31, 1982.

Most importantly, I am convinced that the failure to respond was not due to any mere inability, but was rather due to willfulness on the part of appellant. Both the trial judge and the court of appeals found conscious and intentional noncompliance. For example, when appellant was asked for a specific breakdown of medical expenses incurred in the alleged incidents, the response was "E. R. OSU Dr. Evan J. Halas." When asked to explain the method used in claiming $100,000 of compensatory damages and include a breakdown of the damages, plaintiff responded "physical and mental damage." When asked for a specific breakdown of the lost wages plaintiff claimed to have incurred, the reponse was "?". In my opinion, the refusal to correct these deficiencies, particularly in light of a pending motion for sanctions, can be construed as nothing other than willful non-compliance. Finally, if discovery was objectionable to appellant, Civ. R. 26 (C) provides for protective orders.

Since appellant made no motion for a protective order, made no reasonable explanation for numerous purported objections, and failed to make any response to various, reasonable questions, I conclude that the trial judge did not abuse his discretion in granting the sanction. However, I believe that the sanction could only have been based upon Civ. R. 41 (B)(1), not Civ. R. 37.

Civ. R. 37 requires the party seeking discovery to move for an order compelling discovery before sanctions are appropriate. In the present case, there is no indication that appellees moved for such an order. It appears that the trial court issued its order upon its own motion. I do not believe that Civ. R. 37 permits a court to do this. As the Staff Notes to Civ. R. 37 indicate, the party seeking discovery must first make a motion for an order compelling discovery. "Rule 37 is a restatement of one of the basic tenets of the discovery rules. The party who feels aggrieved or who wants discovery must take affirmative action. There is no automatic compulsion upon those who do not comply with discovery requests or who resist discovery." *Id.*

On the other hand, Civ. R. 41 (B)(1) permits a court to dismiss an action for failure to comply with any court order upon motion of the defendant or upon the court's own motion. The court's action in this case is justified under Civ. R. 41 (B)(1) because the court did issue an order and further determined that appellant failed to comply with that order. The standard under Civ. R. 41 (B)(1) is also that a trial judge's dismissal of a case will not be reversed unless it constitutes an abuse of discretion. *Pembaur* v. *Leis, supra.*

The majority's opinion today will do nothing more than encourage conscious and deliberate obstruction to legitimate discovery requests. For the foregoing reasons, I find that the trial judge did not abuse his discretion in granting a default judgment and I would affirm the judgment of the court of appeals.

LOCHER, J., concurs in the foregoing dissenting opinion.