JOURNAL ENTRY AND OPINION
JOURNAL ENTRY AND OPINION
This is an accelerated appeal under App.R. 11.1, which allows for our decisions to be in brief, conclusory form. Consequently, this opinion will not contain a "comprehensive exposition of our reasons" for reversing the trial court's decision. See Crawfordv. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158.
Appellant Diane Adams appeals the trial court's decision granting appellee Ameritech's motion in limine to preclude medical testimony and dismissing with prejudice her appeal from a workers compensation determination. Adams assigns one error for our review.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING DEFENDANT AMERITECH'S MOTION IN LIMINE TO PRECLUDE MEDICAL TESTIMONY AND BY SUBSEQUENTLY DISMISSING APPELLANT'S APPEAL WITH PREJUDICE.
After reviewing the evidence and the arguments of the parties, we reverse the decision of the trial court and remand this case for further proceedings. The apposite facts follow.
Adams was employed at Ameritech as a Tops Operator/Long Distance Operator/Directory Assistance Operator. On February 16, 1994, Adams was diagnosed with right carpal tunnel syndrome and on May 18, 1995, Adams was diagnosed with left carpal tunnel syndrome.
On September 27, 1994, Adams filed an Occupational Disease Claim Application for Payment of Compensation and Medical Benefits (OD-1). On June 7, 1995, a District Hearing Officer issued the following ruling:
 The claimant did not contract an occupational disease in the course of employment. Claimant's disability is not the result of a disease peculiar to a particular industrial process, trade or occupation to which the claimant was not ordinarily subjected not exposed outside of or away from his employment.
The decision was affirmed by the Staff Hearing Officer on August 3, 1995. The Industrial Commission of Ohio affirmed the decision on October 2, 1995. Adams appealed to the Common Pleas Court (Case No. 300188). She voluntarily dismissed her appeal without prejudice on January 6, 1997.
Adams refiled her appeal on January 6, 1998. A pretrial conference was held on April 30, 1998. The trial court set the deadline for non-expert discovery as July 17, 1998. On July 17, 1998, Adams moved for an additional 45 days to complete her non-expert discovery.[1] A settlement conference was held on July 20, 1998. In a journal entry dated July 23, 1998, the court wrote:
 [Plaintiff] I may obtain expert report by 8/20/98. [Defendant] has represented to this court that they already have an expert report and does not need time for an additional report.
On August 25, 1998, Ameritech's counsel received a report dated August 24, 1998 from Adams' expert, Derrick Cetin. Ameritech filed a motion in limine to exclude Cetin's testimony on the issue of diagnosis of any occupational disease or of a causal relationship between Adams' disease and her employment with Ameritech because Adams failed to timely produce Cetin's expert report.
On September 9, 1998, the trial court granted Ameritech's motion in limine.
 At the [settlement conference] held 7/20/98, this [court] imposed a deadline of 8/20/98 for the expert report of the [plaintiff]. [Plaintiff] had indicated that she was not sure she would need a report — thus, the court used the word "may" in its order. However, the court did set a deadline of 8/20/98. The date the report was obtained as seen on the report in [defendant]'s motion at Exhibit 10 (sic) was 8/24/98. Thus, as the report was not obtained by 8/20/98, it is out of rule.
On September 18, 1998, the trial court granted Ameritech's motion to dismiss the case, noting its earlier order precluding the use of Cetin's expert report. This appeal followed.
In her assignment of error, Adams argues the trial court erred in granting Ameritech's motion in limine and dismissing her appeal with prejudice.
 Civ.R. 37 (B) (2) (b) provides: If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence. Civ.R. 41(B)(1) provides:
 Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
Decisions about whether to impose sanctions for violations of discovery rules rest within the broad discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. Cunningham v. Garruto (1995), 101 Ohio App.3d 656,659; Fiorini v. Whiston (1993), 92 Ohio App.3d 419, 424; Fone v.Ford Motor Co. (May 28, 1998), Cuyahoga App. Nos. 73038, 73039, unreported. However, dismissal is a particularly harsh remedy which should not be used unless the disobedient party's failure to comply with discovery rules has been due to willfulness, bad faith, or any fault. Id. (citing Toney v. Berkemer (1983), 6 Ohio St.3d 455,458-459.) The propriety of the sanction imposed should be evaluated after considering the history of the case, the facts and circumstances surrounding the noncompliance including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply, what efforts were made to comply, the ability or inability of the faulting party to comply, and any other appropriate factors. Id. (citing Russo v. Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175, 178.)
Adams argues that the trial court's statement in its journal entry that she "may" obtain an expert report by August 20, 1998 does not establish August 20, 1998 as a deadline. Ameritech maintains that the trial court made clear to Adams that it was imposing a deadline of August 20, 1998. Significantly, in its journal entry dismissing the case, the trial court made clear that it had, in fact, imposed a deadline of August 20, 1998.
However, in oral argument before this court, Adams explained that, despite her repeated requests, her expert refused to timely complete his report. We must also note that the trial court's deadline of August 20, 1998 was on a Thursday. The report was submitted just three business days later on Tuesday, August 25, 1998. Ameritech conceded during oral argument that it suffered no prejudice from the three-day delay in submitting the report. In light of the absence of any prejudice to Ameritech and the relatively short time between the discovery deadline and the submission of the report, we conclude that dismissal of Adams' case with prejudice was an unduly harsh sanction. It is preferred that cases be decided on their merits, rather than on technicalities. Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 3. For the foregoing reasons, we conclude that the trial court abused its discretion in dismissing Adams' case with prejudice. The judgment of the trial court is hereby reversed and this case is remanded for further proceedings consistent with this opinion.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellees her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________________ PRESIDING JUDGE TERRENCE O'DONNELL
 __________________________________ PATRICIA ANN BLACKMON, JUDGE
 __________________________________ ANN L. KILBANE, JUDGE
[1] Although there is no journal entry in the record, Adams maintains that the motion was denied by the trial court at the July 20, 1998 settlement conference.