OPINION
On December 27, 1999, appellant Lenore M. Zils filed a complaint in the Stark County Common Pleas Court against appellees Henry and Rochelle Hinton, seeking damages for injuries sustained in a motor vehicle accident. On February 4, 2000, the court entered judgment setting pre-trial dates of February 29, 2000, and April 25, 2000. The judgment included the following language: Failure to appear at any pretrial conference or hearing may result in an adverse judgment being entered against the party not appearing or in default judgment being rendered wherever appropriate.
All parties are reminded that the following Stark County Common Pleas Local Court Rules are adopted herein as part of this order:
Rule 13.04. In The Event that neither the plaintiff nor counsel appears for such pretrial conference, the court may dismiss the case without prejudice.
On February 29, 2000, the court dismissed the case sua sponte at 3:54 p.m. The judgment dismissing the case states: Counsel for plaintiff did not appear for the initial pretrial conference scheduled today and did not return the Court's telephone call regarding same. The Court, therefore, dismisses the within case.
Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING PLAINTIFF LENORE ZILS' ACTION WITHOUT PRIOR NOTICE UPON THE FAILURE OF PLAINTIFF AND COUNSEL TO ATTEND THE INITIAL STATUS CONFERENCE AND PRETRIAL.
Civ.R. 41 (B)(1) governs involuntary dismissals. The rule states that where the plaintiff fails to comply with any court order, the court may, after notice to the plaintiff's counsel, dismiss an action or a claim. For purposes of Civ.R. 41 (B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with an order when counsel has been informed that dismissal is a possibility, and has had a reasonable opportunity to defend against dismissal. Quonset Hut, Inc. v. Ford Motor Company (1997),80 Ohio St.3d 46, syllabus. Dismissal of a case is within the sound discretion of the trial court. Toney v. Berkemer (1983),6 Ohio St.3d 455. In Cook v. Harris (May 18, 1998), Stark App. No. 1997CA00411, unreported, we found the court abused its discretion in dismissing a case for violation of a discovery order where only four days lapsed between the filing of the motion to dismiss and the granting of the dismissal, and the issue revolved around whether three answers were incomplete as opposed to unanswered. This court concluded that the trial court abused its discretion in not waiting 14 days for a response, pursuant to a local rule. Id. In State of Ohio ex rel. Wellman v. Jackson High School Board of Education (January 18, 2000), 1999CA00303, unreported, we found that the court did not abuse its discretion in dismissing a petition for writ of mandamus. The appellant had failed to appear at an evidentiary hearing. Thereafter, the trial court issued a judgment notifying the appellant that the matter would be dismissed for failure to prosecute unless appellant showed cause as to why the trial court should not do so. The appellant then filed a memorandum in opposition to the motion for summary judgment, but was silent regarding why he failed to appear at the hearing. We concluded that the trial court properly notified the appellant of its intent to dismiss the action, and provided the appellant with an opportunity to show cause. Id. In the instant case, appellant received noticed that a dismissal was a possibility. The judgment notifying appellant of the relevant dates clearly stated, in bold, underlined type, that failure to appear at any pre-trial conference may result in an adverse judgment being entered against her. Appellant clearly had been informed that the dismissal was a possibility. However, the court did not give appellant a reasonable opportunity to defend against dismissal, as required by Quonset Hut, supra. While the court states he telephoned counsel for appellant, and counsel had not returned the phone call, the court filed its judgment dismissing the case before the end of the business day on which appellant failed to appear and the telephone call occurred. The court abused its discretion in dismissing its case without a larger window of opportunity to defend against a dismissal. The assignment of error is sustained.
The judgment of the Stark County Common Pleas Court is reversed. This case is remanded to that court with instructions to allow appellant an opportunity to defend against possible dismissal for failure to appear at the February 29, 2000, pre-trial conference.
 ____________________ Gwin, P.J.
By Hoffman, J., and Farmer, J., concur