[Cite as *Utterback Dental Group, Inc. v. Lucido*, 2013-Ohio-76.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| UTTERBACK DENTAL GROUP, INC. | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00285 |
| JAMES A. LUCIDO | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Civil appeal from the Stark County Court of Common Pleas, Case No. 2010-CV-04473

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: January 14, 2013

APPEARANCES:

For Plaintiff-Appellee                           For Defendant-Appellant

JACK COOPER                                   ROBERT ROHRBAUGH II.
KRISTEN MOORE                               TRACEY A. LASLO
Day Ketterer LTD                               325 East Main Street
Millennium Centre-Suite 300                Alliance, OH 44601
200 Market Avenue North
Canton, OH  44702

*Gwin, J.,*

{¶1} Defendant James A. Lucido appeals a judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of plaintiff Utterback Dental Group, Inc. Appellant assigns one error to the trial court:

{¶2} "I. THE TRIAL COURT'S GRANT OF DEFAULT JUDGMENT CONSTITUTED ABUSE OF DISCRETION AS DEFENDANT WAS NOT SERVED WITH WRITTEN NOTICE OF THE APPLICATION FOR JUDGMENT AT LEAST SEVEN DAYS PRIOR TO THE GRANT OF DEFAULT JUDGMENT AS IS EXPLICITLY REQUIRED BY CIV. R. 55 (A)."

{¶3} The record indicates appellee filed a complaint against appellant on December 10, 2010. Appellant filed an answer and counterclaim on January 12, 2011. On January 18, 2011 and April 29, 2011, appellee served appellant with discovery requests for documents. Appellant did not produce the documents, but did not file an objection or otherwise seek court review of the requests.

{¶4} At a pre-trial conference on August 22, 2011, the parties brought this matter to the court's attention. The court responded with an order filed the same day directing appellant to provide certain specified documents within five days of the order. On August 25, 2011, appellee filed a motion for sanctions, to which appellant replied on August 26, representing he had fully complied with court's order.

{¶5} On September 8, 2011, the court entered an order setting the matter for oral hearing on September 9. The court directed appellant to personally appear for potential questioning by the court or by counsel concerning the motion. The court cautioned that "any failure of the defendant to so comply may result in further sanctions

including striking of the defendant's answer and other sanctions as may be deemed appropriate by the court." There is no transcript of the hearing on September 9.

{¶6} On September 13, 2011, the court entered an order directing appellee to make immediately available all its books, records and other matters necessary for a defense expert to provide an opinion. The court also sustained appellee's motion to compel, and directed appellant to provide the records as requested fully and completely on or before September 14, 2011, at 4:00 p.m. The court ordered appellant to pay the legal fees appellee incurred in the attempt to obtain discovery on or before September 14. The court cautioned "Should defendant fail to comply with this order, the court will consider striking the defendant's answer in the within proceedings."

{¶7} On September 14, 2011, appellee filed a motion to strike the answer and counterclaim and for entry of default judgment as to the liability. On September 16, 2011, the court conducted an oral hearing on the motion, a transcript of which has been provided to us. At the hearing, the court stated it had warned appellant if he failed to comply with the discovery orders, the court would consider further sanctions, including striking the answer and granting default. Transcript of Proceedings, page 5.

{¶8} On September 16, 2011, the court entered judgment striking appellant's answer and dismissing his counterclaim with prejudice. The court granted default judgment on the issue of liability, and set a damage hearing for September 20, 2011.

{¶9} In *Toney v. Berkemer,* 6 Ohio St. 3d 455, 453 N.E. 2d 700 (1983), the Ohio Supreme Court held: "It is an abuse of discretion for a trial court to grant a default judgment for failing to respond to discovery requests when the record does not show willfulness or bad faith on the part of the responding party." Syllabus by the court.

{¶10} In *Toney,* the Supreme Court cited Civ. R. 37 (A) and (B) as vesting broad discretion for the trial court to impose sanctions for failure to comply with discovery orders. The court noted the United States Supreme Court has held the harsh remedy of dismissal or default should only be used where the failure to comply is due to willfulness, bad faith, or fault of the party. *Toney*, at page 548, citing *Societe Internationale v. Rogers,* 357 U.S. 197, 212, 78 S. Ct. 1087 (1958). The *Toney* court further held that a trial court's imposition of the sanction of dismissal cannot be disturbed unless it was an abuse of the trial court's discretion. Id., citation deleted.

{¶11} In *Toney,* the court found the appellant had complied with the discovery order to the extent necessary so as not to prejudice the appellee's case for trial. The court found the trial court had stated no reason for an unreasonably short period of time for response. The Supreme Court further found appellant gave valid health reasons for what the court characterized as a brief delay, and he offered to provide additional information or authorization for additional information if requested. The Supreme Court concluded the record contained mitigating factors for the brief delay, and did not show appellant acted willingly or in bad faith by failing to answer the essential interrogatories and requests. The court added that if the appellant had failed to submit documentation on damages, the appropriate sanction would be preclusion of evidence on that issue rather than the harsh remedy of default judgment.

{¶12} Here, the trial court had imposed the sanction of attorney fees and warned the appellant of the consequences of further delay. The delay here, unlike that in *Toney,* could not be characterized as brief; the requests were made on January 18 and April 29, and the court's judgment striking the answer and counterclaim was not entered

until September 16. Further, appellant never brought the matter to the court's attention to limit or prohibit discovery of the various records appellee requested. It appears appellant's response to the requests fell far short of the court's order. The trial court found appellant's failure to comply was a flagrant abuse of the discovery process.

{¶13} Appellant argues he did not receive sufficient notice of the hearing pursuant to Civ. R. 55. However, in the *Toney* case and the subsequent case of *Quonset Hut, Inc. v. Ford Motor Company,* 80 Ohio St. 3d 46, 648 N.E. 2d 319 (1997), the court found Civ. R. 37 and Civ. R. 41 apply to dismissals for discovery violations. In *Quonset Hut,* the court found "* * * the very purpose of notice is to provide a party with an opportunity to explain its default and/or to correct it." The court found the trial court had previously issued an order to compel and, when Quonset Hut failed to comply, found it in contempt. The Supreme Court concluded on these facts Quonset Hut had ample notice of the possible harsher sanctions.

{¶14} Our review of the records leads us to conclude appellant had sufficient notice of the court's intention to impose sanctions, including striking his answer and counterclaim, and was given the opportunity in two separate hearings to explain why he failed to respond to the discovery requests. The trial court did not abuse its discretion in finding appellant's conduct constituted a flagrant abuse of discovery, and it did not abuse its discretion in striking appellant's answer and counterclaim, and entering default judgment on behalf of appellee as to liability.

{¶15} The assignment of error is overruled.

{¶16} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By Gwin, J.,

Delaney, P.J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE

WSG:clw 1206

[Cite as *Utterback Dental Group, Inc. v. Lucido*, 2013-Ohio-76.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| UTTERBACK DENTAL GROUP, INC. | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAMES A. LUCIDO | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-285 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.  Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE