[Cite as *Jacobson v. Jonathan Paul Eyewear*, 2013-Ohio-3570.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| BRUCE JACOBSON, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| (JOSEPH R. COMPOLI, JR., | : | **CASE NO. 2012-L-088** |
| Appellant), | : | |
| - vs - | : | |
| JONATHAN PAUL EYEWEAR, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 09 CV 003340.

Judgment: Affirmed.


*Joseph R. Compoli, Jr.*, 612 East 185th Street, Cleveland, OH 44119; and *James R. Goodluck*, 3517 St. Albans Road, Cleveland Heights, OH 44121 (For Plaintiffs-Appellants).

*Christopher W. St. Marie*, *Michael B. Pascoe*, and *Daniel A. DeMarco*, Hahn Loeser & Parks, LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114 (For Defendant-Appellee).


TIMOTHY P. CANNON, P.J.

{¶1} Appellants, Attorney Joseph R. Compoli, Jr., Bruce Jacobson, and Ophthalmology Consultants, Inc., appeal the judgment of the Lake County Court of Common Pleas. The judgment awarded sanctions pursuant to Civ.R. 37(B)(2) in favor of appellee, Jonathan Paul Eyewear, in the sum of $1,482 to be paid by Attorney

Compoli. Attorney Compoli argues the trial court abused its discretion in awarding sanctions. As there is competent, credible evidence illustrating Attorney Compoli acted in direct contravention of the trial court's order that a witness be deposed, we cannot conclude the trial court abused its discretion in awarding monetary sanctions. The judgment is affirmed.

{¶2} On October 13, 2009, Bruce Jacobson and Ophthalmology Consultants, Inc., represented by Attorney Compoli, filed a five-count complaint for damages and injunctive relief against Jonathan Paul Eyewear under the federal Telephone Consumer Protection Act. The complaint alleged that Jonathan Paul Eyewear sent three unsolicited advertisements via fax to Bruce Jacobson and Ophthalmology Consultants, Inc., without express invitation or permission.

{¶3} Jonathan Paul Eyewear's answer set forth several affirmative defenses, including that it had sent the facsimile with prior express permission. Specifically, the company contended it had express permission from Freda Martello, an employee at Ophthalmology Consultants, Inc., to send advertisements via fax. Jonathan Paul Eyewear subsequently subpoenaed Ms. Martello for a deposition in an effort to expeditiously resolve the entire issue.

{¶4} In response, Attorney Compoli filed a motion to quash the subpoena. In his motion, Attorney Compoli argued the proposed deposition would be unjust and unduly burden Ms. Martello. The motion characterized the proposed routine deposition as "Rambo litigation tactics" designed to "cajole" and "browbeat a low-level clerical worker in a deposition." The trial court denied the motion, explaining that the motion

failed to illustrate exactly what undue burden would be placed on Ms. Martello by attending the deposition.

{¶5} Following the trial court's denial of the motion to quash, Jonathan Paul Eyewear sent numerous letters requesting a specific deposition date that would be convenient for the witness. On April 27, 2010, Attorney Compoli sent a letter to opposing counsel explaining that Ms. Martello would be available for deposition on May 7, 2010, at 4:00 p.m. Counsel for Jonathan Paul Eyewear confirmed that May 7, 2010, would be an acceptable date, but noted concern with the late start time, suggesting instead 10:00 a.m.

{¶6} Attorney Compoli then filed a motion to limit the scope of the deposition. The trial court denied the motion and set the deposition for 10:00 a.m., per Jonathan Paul Eyewear's request.

{¶7} In the afternoon of May 6, 2010, Attorney Compoli sent an email to opposing counsel, explaining that he was out of town and could not attend the scheduled deposition for the next morning. Opposing counsel responded on May 6, 2010, noting that, as the matter was proceeding pursuant to a court order, he would be complying with the order. The attorney noted he did not have authority to grant the request.

{¶8} Ms. Martello and Attorney Compoli both failed to appear at the scheduled deposition. Attorney Compoli then voluntarily dismissed the case in the Lake County Court of Common Pleas without prejudice.

{¶9} As a result of the failure to appear at the deposition, Jonathan Paul Eyewear filed a motion for sanctions pursuant to Civ.R. 37(B)(2) for disobedience of a

3

court order. After a hearing on the matter, the magistrate issued 20 conclusions of law, finding Attorney Compoli's failure to notify opposing counsel that neither he nor Ms. Martello would appear at the deposition was not substantially justified. Specifically, the magistrate noted the conduct was sanctionable under both Civ.R. 30 and Civ.R. 37. The magistrate awarded Jonathan Paul Eyewear the sum of $1,482 to be paid by Attorney Compoli.

{¶10} Attorney Compoli filed objections to the decision, arguing Jonathan Paul Eyewear had waived its Civ.R. 37 claim for sanctions via a footnote in a reply pleading. With some reluctance, the trial court found that Jonathan Paul Eyewear's claim for relief under Civ.R. 37 was withdrawn, noting, "[b]ut for defendant's withdrawal of its Civil Rule 37 claim for sanctions, the outcome herein may have been different." Thus, the court granted the objections and rejected the portion of the magistrate's decision relating to Civ.R. 37(B)(2) sanctions.

{¶11} Jonathan Paul Eyewear appealed to this court in *Jacobson v. Jonathan Paul Eyewear*, 11th Dist. No. Lake 2011-L-098, 2012-Ohio-3021. There, we noted Civ.R. 37(B)(2) permits the trial court to sanction improper conduct regardless of whether a party makes such a request. *Id.* at ¶13. We remanded the case, concluding that, if sanctions were appropriate in this case, the trial court had the authority to exercise its discretion and award them. *Id.* at ¶16-18.

{¶12} On remand, the trial court determined sanctions were appropriate and affirmed the magistrate's findings of fact and conclusions of law on the matter.

{¶13} Now, appellants appeal and assert one assignment of error:

4

**{¶14}** "The trial court erred in imposing monetary sanctions, to the prejudice of Plaintiff and Plaintiff's counsel."

**{¶15}** As an initial matter, despite the above-framed assignment of error, there is no indication how Bruce Jacobson suffered any prejudice. The trial court awarded monetary sanctions exclusively against Attorney Compoli.

**{¶16}** "A trial court has broad discretion when imposing discovery sanctions. A reviewing court shall review these rulings only for an abuse of discretion." *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254 (1996), syllabus. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). The deferential abuse-of-discretion standard is employed because the trial court is in the best position to determine whether sanctions are necessary or appropriate. Its familiarity and discussions with the parties, the attorneys, and the manner in which they conduct themselves throughout the litigation is difficult to glean from the record on appeal. Thus, absent a demonstration that the court abused its discretion, we will not disturb its judgment.

**{¶17}** Pursuant to its entry, the trial court awarded sanctions pursuant to Civ.R. 37.

**{¶18}** Civ.R. 37(B)(2) provides for sanctions as a consequence of failing to follow a court order to provide or permit discovery and allows the aggrieved party to collect reasonable expenses, including attorney fees, caused by the failure. Civ.R. 37(D) provides for sanctions through Civ.R. 37(B)(2)(a)-(c) for failure to appear at a deposition and also allows the aggrieved party to collect reasonable expenses.

5

{¶19} Here, many of the assertions advanced by Attorney Compoli at oral argument and in his merit brief are belied by the record. Though Attorney Compoli argued he did not set the deposition date and only had three days notice to show up to the deposition, the record indicates he was contacted by opposing counsel after the motion to quash was denied on April 7, 2010, in an effort to schedule a deposition date. After repeated requests, Attorney Compoli finally responded via letter on April 27, 2010, explaining the witness would be available for deposition on Friday, May 7, 2010, at 4:00 p.m. Thus, Attorney Compoli set the date and knew as early as April 27, 2010, that the witness was to be deposed on May 7, 2010. In fact, in anticipation of the May 7, 2010 deposition, Attorney Compoli filed a motion to limit the scope of the deposition. In turn, Jonathan Paul Eyewear exhausted time and resources in filing a response to the deposition parameters.

{¶20} Following the trial court's order that the witness was to be deposed on May 7, 2010, at 10:00 a.m. (the time change per Jonathan Paul Eyewear's request), Attorney Compoli sent an e-mail to opposing counsel wherein he stated he was out of town. After counsel for Jonathan Paul Eyewear stated he intended to comply with the order of the trial court and appear at the deposition, the record indicates Attorney Compoli did not contact the trial court nor did he respond to Jonathan Paul Eyewear.

{¶21} Attorney Compoli advanced numerous reasons as to why he ultimately failed to appear at the deposition. First, Attorney Compoli stated he could not attend the deposition because he was out of town. However, Attorney Compoli argues in his brief that he had already planned a voluntary dismissal the evening before the scheduled deposition, which is why he failed to appear. Attorney Compoli argues that, in failing to

appear at the deposition, he protected Ms. Martello from "four hours of potential harassment, annoyance, embarrassment and intimidation by Defendant's attorney." We note these are the same arguments Attorney Compoli advanced in his motion to quash the subpoena before the trial court, wherein he contended the proposed deposition would be unjust and unduly burden Ms. Martello.

{¶22} In any respect, his admission that he did not appear because he intended to voluntarily dismiss the case exacerbates the problem, especially when, rather than notifying opposing counsel, he waited until the following Monday to make his intentions known. As things are, Attorney Compoli acted in direct contravention of the May 6, 2010 court order directing Ms. Martello be deposed. Though the dissent states sanctions were not substantially justified given that the trial court "waited to the last minute to issue" its order, that contention belies the record. The reality is Attorney Compoli had previously selected this date after numerous requests from opposing counsel, and he knew on April 27, 2010, that the witness was to be deposed on May 7, 2010. The court order was issued May 6, 2010, in response to Attorney Compoli's own motion to limit the scope of the deposition and Jonathan Paul Eyewear's request to move the deposition from 4:00 p.m. to an earlier time. Additionally, Attorney Compoli did not inform opposing counsel of his intention not to appear until after the judgment entry was issued, an action that suggests a flagrant disregard for the order. It therefore cannot be concluded that the trial court abused its discretion in affirming the magistrate's award of sanctions against Attorney Compoli.

{¶23} Though Attorney Compoli argues there is no evidence in the record of bad faith, a trial court need not make a "bad faith" finding before imposing monetary

7

sanctions. A finding of bad faith or willfulness would be necessary for the harsh remedies of dismissal or default pursuant to Civ.R. 37(B)(2)(c). *Toney v. Berkemer*, 6 Ohio St.3d 455, 458 (1983). In imposing monetary sanctions, however, a trial court need only consider whether the order would be just. Civ.R. 37(B)(2).

{¶24} Attorney Compoli also raises ancillary arguments. He contends the trial court should have held a hearing on the matter before affirming the award of sanctions. However, a magistrate's hearing on the matter was previously held wherein evidence was considered and testimony heard. Attorney Compoli additionally takes exception to the $1,482 sum, arguing the amount is random and unreasonable; however, he never objected to the magistrate's decision on this basis and has therefore waived all but plain error, which has not been demonstrated.

{¶25} Appellants' sole assignment of error is without merit.

{¶26} The judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.


_____


COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.

{¶27} As the majority notes, a trial court's decision whether to impose discovery sanctions is reviewed for abuse of discretion. As the Supreme Court of Ohio held long ago, an abuse of discretion is, fundamentally, judicial decision making which comports neither with reason, nor the record.

8

{¶28} In this case, Attorney Compoli indicated by letter dated April 27, 2010, that Ms. Martello would be available for deposition at 4:00 p.m., May 7, 2010. This was unsatisfactory to opposing counsel, who agreed that the date sufficed, but insisted the deposition should go forward at 10:00 a.m. April 29, 2010, Attorney Compoli moved the trial court to limit the scope of the deposition, which motion was opposed May 4, 2010.

{¶29} The trial court did not issue its order denying Attorney Compoli's motion to limit the scope of the deposition, and ordering that it go forward at 10:00 a.m., May 7, 2010, until May 6, 2010. Upon learning of the order, Attorney Compoli emailed opposing counsel, and informed him that, since he was out of town, neither he nor Ms. Martello would be attending the deposition. Considering the previous disputes concerning the deposition, and the fact that the trial court did not issue its order regarding the deposition until the day before, this was perfectly reasonable conduct. Sanctions under Civ.R. 37(B)(2) are a serious matter. They are appropriate in egregious cases. *Schultz v. Wurdlow*, 10th Dist. No. 11AP-62, 2012-Ohio-3163, ¶29-31 (sanctions justified when defendant purposefully delayed the judicial process, failed to comply with discovery order, and did not turn over discovery until two days prior to trial). In this case, opposing counsel had reasonable opportunity to call off the deposition set for May 7, 2010, and reschedule it. The majority is wrong in concluding there was "flagrant disregard" for the trial court's discovery order. Nothing in the record even hints at this. Sanctions are not justified.

{¶30} I respectfully dissent.