[Cite as *Winkle v. Kroger Grocery Store, #519*, 2017-Ohio-8461.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Joyce Winkle et al., | : | |
| Plaintiffs-Appellants, | : | |
| | : | No. 17AP-50 |
| v. | : | (C.P.C. No. 16CV-3013) |
| Kroger Grocery Store, #519, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

## D E C I S I O N

### Rendered on November 7, 2017

**On brief:** *Leo P. Ross,* for appellants. **Argued:** *Percy Squire.*

**On brief:** *Dickie, McCamey & Chilcote, P.C.,* and *Mary Barley-McBride,* for appellee. **Argued:** *Mary Barley-McBride.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiffs-appellants, Joyce Winkle et al. ("appellants"), appeal from the January 6, 2017 judgment of the Franklin County Court of Common Pleas granting Kroger Grocery Store's ("appellee") motion to dismiss appellants' complaint for want of prosecution. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This action arises from an incident at appellee's store that occurred on January 4, 2013, wherein appellant Joyce Winkle alleges that she was "in the Soda isle, when she slipped and fell on a slippery floor." (Mar. 28, 2016 Compl. at ¶ 6.) The trial court in its order and entry granting appellee's motion to dismiss noted that this is a refiled case and that appellants failed to prosecute the initial case prior to voluntarily

dismissing the same. (Jan. 6, 2017 Order and Entry at 1-2.) The trial court goes on to describe the procedural history:

> Shortly after voluntarily dismissing the first cause of action Plaintiff refiled. Plaintiff again failed to produce discovery or to comply with a Court Order to produce discovery. Plaintiff again failed to provide the information needed to allow Defendant to determine whether an independent medical examination was needed. Plaintiff did not comply with the Case Scheduling Order. Plaintiff did not identify any lay or expert witnesses in accordance with the Court's Case Scheduling Order.

(Order and Entry at 2.)

> On October 18, 2016, Defendant, The Kroger Co. filed a Motion to Compel discovery by the Plaintiff. Plaintiff did not respond to Defendant's Motion to Compel and on November 4, 2016, this Court ordered that the Plaintiff respond to the Defendant's discovery no later than November 18, 2016. The Court warned Plaintiff that "failure to comply (with the Order compelling discovery) may result in additional sanctions including dismissal of the case." Plaintiff did not comply with the Court's Order compelling discovery * * *.

(Emphasis sic.) (Order and Entry at 1.)

{¶ 3} On December 6, 2016, pursuant to Civ.R. 37, appellee filed a motion to dismiss plaintiffs' complaint for failure to comply with a court order of discovery and for want of prosecution, to which appellants again failed to respond. The trial court granted appellee's motion.

## II. ASSIGNMENT OF ERROR

{¶ 4} Appellants appeal and bring the following assignment of error:

> The trial Court abused its discretion in dismissing Appellants' personal injury action as a discovery sanction following the violation of merely a single discovery order.

## III. ASSIGNMENT OF ERROR—NO ABUSE OF DISCRETION

{¶ 5} As we stated in *Huntington Natl. Bank v. Zeune*, 10th Dist. No. 08AP-1020, 2009-Ohio-3482, ¶ 17:

> A trial court has broad discretion when ruling upon a motion for sanctions under Civ.R. 37(D). *State ex rel. Citizens for*

> *Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St. 3d 88, 2007 Ohio 5542, ¶ 18, 876 N.E.2d 913. Absent an abuse of that discretion, an appellate court will not reverse the imposition of a discovery sanction. *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 1996 Ohio 159, 662 N.E.2d 1, syllabus.

{¶ 6} In addition, in *Tymachko v. Ohio Dept. of Mental Health*, 10th Dist. No. 04AP-1285, 2005-Ohio-3454, ¶ 14, we noted that:

> Civ.R. 37(B)(2) provides a court may dismiss an action for a party's failure to comply with a discovery order. In *Toney v. Berkemer* (1983), 6 Ohio St.3d 455, 458, 6 Ohio B. 496, 453 N.E.2d 700, the Ohio Supreme Court has held that in order to impose the sanction of dismissal for a party's failure to respond to discovery requests, a court must find that failure to respond is due to willfulness, bad faith or any fault of the party.

Failure to comply with a discovery request coupled with a subsequent lack of explanation for that noncompliance indicates willfulness and bad faith. *Zeune* at ¶ 21.

{¶ 7} The trial court specifically found that:

> Plaintiff has been given multiple opportunities to respond to discovery, to produce medical records and bills, to produce the lien records, to identify the expert witnesses that Plaintiff will call at trial and to make those witnesses available for deposition. Plaintiffs repeated failure to respond can only be deemed willful and deliberate. The Court further finds that Defendant has been prejudiced by Plaintiffs discovery failures.

(Jan. 6, 2017 Order and Entry at 2.)

{¶ 8} Appellants argue that the trial court abused its discretion in dismissing appellants' personal injury action following the violation of merely a single discovery order because there was no history of consistent and active involvement by the trial court in any discovery dispute. Appellee argues that there is no requirement that the trial court have consistent and active involvement. On the contrary, appellee notes that the relevant case law is that a non-complying party must receive notice of the possibility of a dismissal before a trial court imposes it as a discovery sanction under Civ.R. 37(B)(2)(c). *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101 (1986).

{¶ 9} In this case, there were years of consistent failure to prosecute this case. Even after refiling this action, appellants did not conduct any discovery, provide relevant medical bills and records, nor identify expert witnesses or even comply with the case scheduling order. Appellee filed a motion to compel discovery and appellants did not respond. The trial court ordered that the appellants respond to the discovery and warned that "failure to comply may result in additional sanctions including dismissal of the case."

{¶ 10} Despite an explicit warning that the case might be dismissed, appellant did not comply with the court's order. Appellee then filed its motion to dismiss and despite receiving at least two notices of the imminent threat of dismissal, appellants again did not respond. Based on the above, our review shows that the trial court did not abuse its discretion in granting appellee's motion to dismiss and finding that appellants failed to prosecute her case and that her failure to prosecute the case was willful and deliberate, and that appellee has been prejudiced by appellants' discovery failures. Appellants' assignment of error is overruled.

## IV. DISPOSITION

{¶ 11} Having overruled appellants' sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK, P.J. and DORRIAN, J., concur.

———————————————