[Cite as *Toledo v. Drake*, 2015-Ohio-5497.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

Appellant

v.

Frederick Drake, III

Appellee

Court of Appeals No. L-15-1152

Trial Court No. CRB-15-01493

**DECISION AND JUDGMENT**

Decided:  December 30, 2015

* * * * *

Adam Loukx, Director of Law, David Toska, City of Toledo Chief
Prosecutor, Henry Schaefer and Jimmie Jones, Assistant Prosecutors,
for appellant.

* * * * *

**SINGER, J.**

**{¶ 1}** This is an appeal from the Toledo Municipal Court wherein appellee,

Frederick Drake III's, charges for domestic violence and assault were dismissed with

prejudice.  For the reasons that follow, we reverse.

{¶ 2} On January 30, 2015, appellee was charged with domestic violence in violation of R.C. 2919.25 and assault, a violation of R.C. 2903.13. The victim alleged that appellee slammed a car door on her shoulder and then attempted to run her over with his car.

{¶ 3} A trial commenced on May 18, 2015. During the victim's cross-examination, she testified that her husband had witnessed the incident. When asked if she told the prosecutor that her husband was a witness she answered affirmatively. At that point, defense counsel objected and moved to strike the testimony of the victim based on a discovery violation. Specifically, defense counsel argued that the prosecutor had committed a discovery violation in that he failed to disclose the victim's husband as a witness. Finding the prosecutor's failure to disclose the name of the witness to be willful, the trial court dismissed the case against appellee. The city now appeals setting forth the following assignment of error:

I. The court erred when it dismissed the case with prejudice for an alledged (sic) discovery violation.

{¶ 4} The granting or overruling of discovery motions in a criminal case rests within the sound discretion of the trial court. *State v. Shoop*, 87 Ohio App.3d 462, 469, 622 N.E.2d 665 (3d Dist.1993). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

2.

{¶ 5} The Supreme Court of Ohio has stated that "[t]he purpose of the discovery rules is to prevent surprise and the secreting of evidence favorable to one party." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 19. A trial court must inquire into the circumstances surrounding a discovery violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery. *City of Lakewood v. Papadelis*, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987).

{¶ 6} Crim.R. 16 governs discovery in criminal prosecutions. *State v. Blake*, 12th Dist. Butler No. CA2011-07-130, 2012-Ohio-3124, ¶ 15. Crim.R. 16(I) states that: "[E]ach party shall provide to opposing counsel a written witness list, including names and addresses of any witness it intends to call in its case-in-chief, or reasonably anticipates calling in rebuttal or surrebuttal."

{¶ 7} Appellee's discovery demand sought, in pertinent part:

All written or recorded statements, * * * made by a witness in the state's case-in- chief, or that it reasonably anticipates calling as a witness in rebuttal or surrebuttal. For purposes of this request, a "witness" shall include any person who has or claims to have knowledge or is believed to have knowledge concerning a fact or facts about the issue(s) involved in this criminal action * * * or about the credibility of another witness, irrespective of whether the [City] intends to call such person as a witness at trial.

3.

{¶ 8} The record shows that following defense counsel's objection, a recorded side bar conference was held. Defense counsel moved to strike the witness's testimony expressly noting that he was not seeking a dismissal. The prosecutor explained that he did comply with appellee's discovery demand, providing the information he had at the time. As for the victim's husband, the prosecutor stated he never interviewed him and only found out of his existence the day of trial. This is because he never interviewed the victim until the day of trial. Based on the information he received from the victim, the prosecutor stated he decided to not call the victim's husband as a witness. He added that there was no reason to believe that testimony from the victim's husband would be exculpatory. The prosecutor further stated:

> I think that's an extreme remedy to strike the testimony of the city's only witness. In essence, that would be a motion to dismiss. * * * There are other remedies available to the court beyond this extreme measure.
> * * * [T]his was not an intentional hiding of the ball, so to speak, Judge.

{¶ 9} It is well settled that a trial court may not dismiss a case against a party who has failed to respond to discovery requests unless the record reflects willfulness or bad faith on the part of the party who has failed to respond. *State v. Warfield,* 8th Dist. Cuyahoga No. 86055, 2006-Ohio-935, citing *Toney v. Berkemer*, 6 Ohio St.3d 455, 453 N.E.2d 700 (1983), syllabus.

{¶ 10} We have carefully reviewed the entire record, and found no indication that the state's failure to abide by the discovery request was done willfully or was motivated

4.

by bad faith.  The prosecutor, at minimum, did comply with Crim.R. 16(I) in that he disclosed the witnesses he intended to call at trial.  Although appellee's discovery demand sought the names of witnesses "[i]rrespective of whether the [City] intends to call such person as a witness at trial," Crim.R. 16(I) has no such requirement.  At best, this appears to be an example of poor trial preparation on the part of the prosecutor for which less severe sanctions are available.  Thus, the use of the most extreme sanction, that of dismissing the case with prejudice denotes an abuse of discretion.

{¶ 11} The judgment of the Toledo Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this decision.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                          _____
                                                              JUDGE
Stephen A. Yarbrough, P.J.

James D. Jensen, J.                        _____
CONCUR.                                                    JUDGE

                                           _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.