[Cite as *Toledo v. McDuffey*, 2018-Ohio-5198.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo                    Court of Appeals No. L-17-1227

    Appellee                                 Trial Court No. CRB-17-04457

v.

Keisha McDuffey                                 **DECISION AND JUDGMENT**

    Appellant                                Decided:  December 21, 2018

* * * * *

David Toska, Chief Prosecutor, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Following a bench trial, defendant-appellant, Keisha McDuffey, appeals the June 22, 2017 judgment of the Toledo Municipal Court, convicting her of assault.  For the reasons that follow, we reverse.

## I. Background

{¶ 2} Keisha McDuffey was charged with assault, a violation of R.C. 2303.13(A), following a physical altercation at the Quality Bar in Toledo, Ohio, on April 8, 2017. Just before her June 19, 2017 bench trial, her attorney provided the city prosecutor a list of three witnesses she intended to call at trial. The city objected on the basis that the witness disclosure was untimely, and it moved to exclude McDuffey's witnesses. The trial court granted the city's motion.

{¶ 3} The case proceeded to trial. The city called one witness, the victim. McDuffey testified on her own behalf. Both witnesses agreed that the victim was at the Quality Bar dancing when McDuffey and her friend entered the bar. The victim and McDuffey had recently engaged in a verbal disagreement on social media. When they encountered each other at the bar, an argument again ensued. The victim claimed that McDuffey and her friend began punching her, and she fought back. McDuffey admitted that she was the first to land a punch, but she claimed that the victim first swung at her and missed. Bouncers broke up the fight.

{¶ 4} The trial court found McDuffey guilty. It found that based on McDuffey's own admission, she was the primary aggressor because she hit the victim twice after the victim failed to land her punches. The trial court sentenced McDuffey to ten days in jail, but suspended the sentence. It also imposed costs.

**{¶ 5}** McDuffey appealed and assigns the following errors for our review:

I. Did the court abuse its discretion when it excluded defense witnesses, when names and phone numbers were presented to the state on the day of trial, and the witnesses appeared for trial?

II. Did appellant receive ineffective assistance of counsel when counsel did not object on the record to the court[']s exclusion of defense witnesses?

## II. Law and Analysis

**{¶ 6}** Both of McDuffey's assignments of error revolve around the exclusion of her fact witnesses. Her first assignment claims error in the trial court's decision to exclude the witnesses, and her second assignment claims error in her attorney's failure to challenge the court's decision to exclude the witnesses.

**{¶ 7}** McDuffey argues in her first assignment of error that Crim.R. 16(I) governs the duty to provide opposing counsel with a witness list and does not address a deadline for providing this list. Accordingly, she argues, the trial court abused its discretion in excluding her witnesses, and it denied her a fair opportunity to defend against the state's accusations. She maintains that there may have been a different outcome had she been permitted to call her witnesses because they were eyewitnesses to the incident and their testimony was probative as to what actually occurred.

**{¶ 8}** Notably, despite the position it took in the lower court, the city appears not to disagree with McDuffey. It argues that "absent material prejudice, malice, or

3.

gamesmanship, the sanctions of dismissal or exclusion of evidence is facially unwarranted." It asks us "to provide strong guidance to the trial courts to provide the surprised party reasonable time to inspect the surprise evidence, but should it be otherwise relevant and permitted by the rules of evidence, to ultimately allow the evidence to be admitted."

{¶ 9} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State v. Sage*, 31 Ohio St.3d 173, 180, 510 N.E.2d 343 (1987). This is also true concerning a trial court's decision whether to exclude a witness's testimony based on a lack of timely discovery. *State v. Conner*, 6th Dist. Lucas No. L-09-1159, 2010-Ohio-6500, ¶ 74. We will not reverse the trial court's decision absent an abuse of discretion. *Id*. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} Just before trial, defense counsel raised "as a preliminary matter" that he had just that day provided the city's attorney with a list of three witnesses he intended to call at trial. The city's attorney expressed that he had received the list just that afternoon, he asserted his belief that McDuffey was required to provide a list of potential witnesses at least seven days before trial, and he moved to exclude McDuffey's witnesses. Defense counsel suggested that the city's attorney could "run their records" and speak with the witnesses if he desired to do so, but the court deemed that there would not be sufficient time for this. The court announced: "So I'm going to grant the motion to exclude."

4.

**{¶ 11}** It is not clear here what rule the city's attorney was referring to when he asserted that McDuffey was required to provide her witness list seven days before trial; Crim.R. 16(I) specifies no deadline for providing witness lists and the parties cited to no court order or rule setting a deadline. *See State v. Roberts*, 9th Dist. Wayne No. 16AP0030, 2017-Ohio-9079, ¶ 9 ("Notably, Crim.R. 16(I) does not explicitly provide a timeframe within which the witness list must be provided.").

**{¶ 12}** In any event, we find that exclusion of McDuffey's witnesses was improper here because the trial court failed to engage in the analysis required under *City of Lakewood v. Papadelis*, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987). In *Papadelis*, the trial court, as a discovery sanction, precluded the defendant from calling his trial witnesses because defense counsel failed to respond to discovery requests from the prosecutor, which included a request for defendant's witness list. The Ohio Supreme Court recognized that then-Crim.R. 16(E)(3) (now Crim.R. 16(L)(1)) permits a trial court to impose sanctions for discovery violations, however, it cautioned that "the sanction of exclusion may infringe on a criminal defendant's Sixth Amendment right to present a defense, particularly where, as in this case, all the defendant's witnesses are excluded." *Id.* at 5. It adopted the rationale of a number of other courts across the country and held that a trial court must inquire into the circumstances surrounding a Crim.R. 16 violation before imposing such a sanction.

**{¶ 13}** The court identified a number of factors that a court should inquire into when considering the circumstances of a discovery violation:

5.

Factors to be considered by the trial court include the extent to which the prosecution will be surprised or prejudiced by the witness' testimony, the impact of witness preclusion on the evidence at trial and the outcome of the case, whether violation of the discovery rules was willful or in bad faith, and the effectiveness of less severe sanctions. *Id.*

It also held that the trial court must impose the least severe sanction consistent with the purposes of the discovery rules. *See also State v. Drake*, 6th Dist. Lucas No. L-15-1152, 2015-Ohio-5497, ¶ 5 ("A trial court must inquire into the circumstances surrounding a discovery violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery.").

Courts routinely apply *Papadelis.* For instance, in *State v. Davis*, 5th Dist. Stark Nos. CA-7129, CA-7106, 1987 Ohio App. LEXIS 9529, *6 (Nov. 9, 1987), the defendant failed to respond to the state's discovery requests until the morning of trial, at which time he identified two witnesses. The trial court found that the state had insufficient time to prepare for the witnesses and excluded them. Relying on *Papadelis*, the Fifth District reversed. It held that the trial court was required to inquire into the circumstances surrounding the discovery violation. And while the court recognized the state's interest in pretrial discovery, it found that the trial court should have explored less severe sanctions such as granting a short continuance, if feasible, or even citing defense counsel for contempt. *See also State v. Fussell*, 8th Dist. Cuyahoga No. 95875, 2011-Ohio-4950, ¶ 38-41 (vacating defendant's conviction where trial court excluded witnesses disclosed

6.

on day of trial without holding a hearing, considering *Papadelis* factors, or exploring less severe sanction); *State v. Moss*, 4th Dist. Gallia No. 14CA2, 2015-Ohio-3651, ¶ 6-17.

{¶ 14} Here, the trial court conducted no inquiry into the reason for the delayed disclosure of McDuffey's witnesses, and it failed to consider less severe sanctions. *See State v. Owens*, 6th Dist. Lucas No. L-11-1207, 2013-Ohio-325, ¶ 27 (explaining that "a violation of Crim.R. 16(I) does not automatically require the exclusion of the witness," and observing that a court must remedy a discovery violation by imposing the least severe sanction consistent with the purpose of the discovery rules). Because we conclude that this was at odds with what was required of it under *Papadelis*, we find that the trial court abused its discretion in excluding McDuffey's witnesses.

{¶ 15} We, therefore, find McDuffey's first assignment of error well-taken. Given our resolution of McDuffey's first assignment of error, we need not consider her second assignment of error.

### III.  Conclusion

{¶ 16} We find that the trial court abused its discretion by failing to inquire into the reason for McDuffey's trial-day disclosure of witnesses, and it failed to consider sanctions less severe than exclusion of her witnesses. We, therefore, find McDuffey's first assignment of error well-taken. In light of this decision, we need not consider her second assignment of error.

7.

**{¶ 17}** We reverse the June 22, 2017 judgment of the Toledo Municipal Court and remand this matter to the trial court. The costs of this appeal are assessed to the city under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                      _____

                                                 JUDGE

James D. Jensen, J.                   

                                         _____

Christine E. Mayle, P.J.                         JUDGE

CONCUR.

                                         _____

                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.