OPINION
{¶ 1} Appellant, Jefferson X, appeals from the August 26, 2003 judgment entry of the Ashtabula County Court of Common Pleas, granting default judgment to appellee, Sam Zimerman, Trustee of the Sam Zimerman Declaration of Trust.
 {¶ 2} On June 9, 2000, appellee filed a complaint for quiet title or in the alternative for breach of contract and conversion against appellant and defendant, Group Maintenance Corporation ("Group Maintenance").
 {¶ 3} On May 31, 2001, appellee filed a motion for default judgment pursuant to Civ.R. 55. On June 18, 2001, a default hearing was scheduled. Pursuant to its June 19, 2001 judgment entry, the trial court stated that appellee appeared through counsel but appellant and Group Maintenance did not appear personally or through counsel. The trial court granted default judgment to appellee and against appellant.[1]
 {¶ 4} On November 7, 2001, appellant filed a motion for an extension of time to answer and a motion to set aside the default judgment. The trial court granted both motions on that date. Appellant filed an answer to appellee's complaint on November 8, 2001.
 {¶ 5} On June 2, 2003, appellee filed a notice of service that the first set of interrogatories and request for production of documents were served upon appellant. On June 9, 2003, appellee filed a notice to take deposition.[2]
 {¶ 6} On July 8, 2003, appellee filed a motion to compel appellant to provide appellee with answers to the interrogatories and request for production of documents served upon appellant on June 2, 2003. The trial court granted appellee's motion to compel on July 9, 2003, and ordered appellant to respond by July 22, 2003.[3]
 {¶ 7} On July 22, 2003, appellant filed a motion for protective order pursuant to Civ.R. 26(C).[4] The trial court denied appellant's motion on July 25, 2003.
 {¶ 8} On July 28, 2003, appellee filed a motion for contempt regarding appellant's failure to respond to the interrogatories by July 22, 2003, and a motion for default judgment pursuant to Civ.R. 37(D).
 {¶ 9} A hearing commenced on August 25, 2003.
 {¶ 10} At the hearing, the trial court first noted that there had been no service on appellant for the contempt action. The trial court also stressed that during the three years of litigation, it is still not known who owns or represents appellant.
 {¶ 11} In 1995, appellee purchased four hundred acres of land in Morgan Township, Ashtabula County, Ohio, subject to a lease by appellant. Appellant is the successor in interest to the original April 30, 1968 lease agreement between Thomas H. Roulston and Lois M. Roulston and Simpson Oil and Gas Company for the rights to oil and gas on the land at issue. The original lease contains a term of "one year and so much longer as oil or gas or their constituents is or are found on said premises in paying quantities in the judgment of the [l]essee." The original lease also provides that the lessor shall be paid a one-eighth royalty on production sold from the lease.
 {¶ 12} Appellee notified appellant of his ownership of the land, which contains three oil or gas wells, and demanded payment of royalties.[5]
However, appellant has failed to respond or comply with appellee's demands. As such, appellee has not been paid any royalties pursuant to the original lease.
 {¶ 13} Appellant's counsel acknowledged that appellant as well as Group Maintenance and Heartbreak Hotel, Inc. have no officers, directors, or employees. Appellant's counsel stressed that none of these corporations is functioning in any manner. The corporate charters for Group Maintenance and Heartbreak Hotel, Inc. were cancelled in 1998 by the Ohio Secretary of State. Group Maintenance's and Heartbreak Hotel, Inc.'s shares of stock are held by unidentified trusts. With regard to appellant, appellant's counsel claimed to be representing a group of shareholders, but never identified their names and acknowledged that he did not even know who they were.
 {¶ 14} According to appellant's counsel, Harris and Kotula were employed by Asset Management Company, which manages the trusts holding the shares of stock of Group Maintenance and Heartbreak Hotel, Inc. Appellant's counsel explained that neither Harris nor Kotula were officers, directors, or employees of appellant, Group Maintenance, or Heartbreak Hotel, Inc. Appellant's counsel stated that both Harris and Kotula were indicted for income tax evasion in July 2003, and that documents regarding appellant and its corporate partners may be in the possession of the Internal Revenue Service. Appellant's counsel indicated that he was retained by agents of Asset Management Company.
 {¶ 15} Pursuant to its August 26, 2003 judgment entry, the trial court granted default judgment to appellee, and forfeited appellant's rights to its oil and gas lease on appellee's property to appellee. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 16} "THE TRIAL COURT ERRED, TO THE PREJUDICE OF [APPELLANT], IN AWARDING TO [APPELLEE] A JUDGMENT OF DEFAULT AGAINST [APPELLANT] TERMINATING, AND FORFEITING TO [APPELLEE], THE RIGHTS OF [APPELLANT] IN THE OIL AND GAS LEASE."
 {¶ 17} In its sole assignment of error, appellant argues that the trial court erred by granting default judgment to appellee, and by forfeiting to appellee appellant's rights in the oil and gas lease. Appellant contends that the awarding of the default judgment to appellee, as a sanction for the failure of appellant to respond to certain discovery requests, is an abuse of discretion when the record does not show that the failure was due to willfulness or bad faith on the part of appellant.
 {¶ 18} Civ.R. 37(B)(2)(c) provides that the court may issue "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]"
 {¶ 19} Civ.R. 37(D) states:
 {¶ 20} "If a party * * * fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under rule 34, after proper service of the request, the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule. * * *"
 {¶ 21} "It is well established that a trial court has broad discretion to impose sanctions against a party violating the discovery rules, and this court will not reverse the trial court's determination on this issue absent an abuse of discretion. Nakoff v. Fairview Gen Hosp. (1996),75 Ohio St.3d 254, 256 * * *. `The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *' State v.Adams (1980), 62 Ohio St.2d 151, 157-158 * * *. Accord Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219 * * *. However, the granting of a default judgment, analogous to the granting of a dismissal, is a harsh remedy which should only be imposed when `the actions of the faulting party create a presumption of willfulness or bad faith.' Marten v. Casgar
(June 30, 1994), 11th Dist. No. 93-L-115, unreported, at 4, citing Russov. Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175, 179 * * *." (Citations omitted.) Fester v. Price (Dec. 26, 1997), 11th Dist. No. 96-G-2003. See, also, Toney v. Berkemer (1983), 6 Ohio St.3d 455, syllabus.
 {¶ 22} With respect to forfeiture, "Ohio has recognized forfeiture of an oil and gas lease as a remedy. Beer v. Griffith (1980), 61 Ohio St. 119;Ionno v. Glen-Gery Corp. (1983), 2 Ohio St.3d 131." Horvat v. IntegratedPetroleum Co., Inc. (Sept. 12, 1986), 11th Dist. No. 3642. Also, "where legal remedies are inadequate, forfeiture of an oil and gas lease, in whole or in part, is an appropriate remedy * * *." Maffitt v. AtlasEnergy Group, Inc. (Apr. 14, 1989), 11th Dist. No. 4000, citing Beer,
supra, at paragraph four of the syllabus.
 {¶ 23} In the case at bar, pursuant to the original lease, appellant is required to pay royalties to appellee from the oil and gas revenues. However, based on the record, appellant has failed to pay anything to appellee in violation of the original lease.
 {¶ 24} Appellant's reliance on Toney, supra, is misplaced. In Toney,
the appellant answered essential information but failed to provide non-essential documents to the appellee. The appellant's counsel provided the trial court with a valid health reason for the brief delay in submitting answers to interrogatories. Id. at 458. Thus, the Supreme Court of Ohio held that there was no showing that the appellant willfully failed to answer the essential interrogatories, and that the appellant complied with the trial court's discovery order. Id at 458-459.
 {¶ 25} Here, on the other hand, appellant failed to provide essential information. Specifically, appellant's counsel did not provide the names and addresses of the individuals who own or manage appellant. Also, appellant's counsel did not produce income flow and profit and loss statements or federal tax returns which would show appellant's assets in order to determine a proper remedy to appellee. In addition, appellee could not conduct depositions without answers to the interrogatories.
 {¶ 26} Again, at the August 25, 2003 hearing, appellant's counsel acknowledged that appellant as well as Group Maintenance and Heartbreak Hotel, Inc. have no officers, directors, or employees. With regard to appellant, appellant's counsel claimed to be representing a group of shareholders, but never identified their names and indicated that he did not even know who they were. As such, appellant's counsel explained that he could not comply with appellee's request for discovery. However, the trial court stated in its August 26, 2003 judgment entry that "[appellant] has willingly refused to provide discovery to [appellee] in violation of this [c]ourt[`]s [o]rder to [c]ompel [d]iscovery and that its has stonewalled [appellee's] efforts to pursue his case and remedies." We agree.
 {¶ 27} Based on the foregoing facts, there is sufficient evidence to support the trial court's determination to grant default judgment to appellee, due to appellant's willful failure to provide essential discovery pursuant to Civ.R. 37(D) and Fester and Toney, supra.
 {¶ 28} In addition, with regard to forfeiture, the trial court stated in its judgment entry that "[appellant] has failed to pay any royalties to [appellee] and that even if [appellee] should recover damages against [appellant] that the likelihood of collection is so remote as to provide [appellee] with no adequate remedy." We agree.
 {¶ 29} Again, even appellant's counsel claimed to not know the identities of the individuals who own, operate, or manage appellant. As such, it was crucial for appellee to determine through interrogatories, production of documents, and depositions if appellant had any assets to satisfy a judgment, or whether the sole remedy was forfeiture of the original oil and gas lease. Pursuant to Horvat and Beer, supra, because legal remedies were inadequate here, forfeiture of the original oil and gas lease was an appropriate remedy.
 {¶ 30} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.
Vukovich, J., Seventh Appellate District, sitting by assignment,
Waite, J., Seventh Appellate District, sitting by assignment,
[1] The trial court was advised that appellee would be dismissing its claim against Group Maintenance. On September 20, 2001, appellee filed a motion for voluntary dismissal of its complaint against Group Maintenance pursuant to Civ.R. 41, which was granted by the trial court on that date.
[2] Appellee served appellant with this notice to depose Michael Kotula ("Kotula") and Gary Harris ("Harris"), suspected officers or principals of appellant, for deposition on June 24, 2003. However, the depositions were never held.
[3] Appellant provided copies of production records and a Notice of Partnership, but did not comply with appellee's request for discovery and the trial court's order compelling discovery by July 22, 2003.
[4] Appellant's counsel conceded that appellant and the two corporations which own it, Heartbreak Hotel, Inc. and Group Maintenance, were non-functioning entities and that appellee's request for discovery could not be compelled with because no officers or principals could be located.
[5] Production records show that of the three wells, two are producing minimal amounts of natural gas and one is producing enough natural gas which is being sold.