OPINION
{¶ 1} Appellant, Johnson Controls, Inc. ("Johnson Controls"), appeals the judgment entered by the Trumbull County Court of Common Pleas. The trial court entered default judgment in favor of appellee, Cadle Company ("Cadle").
 {¶ 2} In September 2004, Johnson Controls filed the instant action against Cadle and Riverside Square of Warren, Inc. ("Riverside"). Neither Riverside nor Cadle timely filed an answer to the complaint, so, in November 2004, Johnson Controls filed a motion for default judgment against both defendants. Thereafter, on December 15, *Page 2 
2004, Cadle, after being granted leave of court to do so, filed its answer. Riverside never filed an answer or otherwise appeared in this matter. On January 4, 2005, the trial court denied Johnson Controls' motion for default judgment due to Cadle's answer being filed.
 {¶ 3} On February 18, 2005, Johnson Controls filed a notice of service, indicating that it had served Cadle with Johnson Controls' first set of interrogatories and notice to take the deposition of John Sostaric. On February 22, 2005, Cadle filed a notice of service, which indicated Cadle's first set of interrogatories, its requests for admissions, and its requests for production of documents were all served upon Johnson Controls. On March 21, 2005, Johnson Controls filed notice with the trial court indicating Johnson Controls had served Cadle with Johnson Controls' response to Cadle's request for production of documents. On March 31, 2005, Cadle filed a notice of service, indicating that Cadle served Johnson Controls with "a notice of the taking of the deposition of Johnson's Chief Executive Officer."
 {¶ 4} On April 13, 2005, Cadle filed a motion for default judgment or, in the alternative, a motion to compel discovery against Johnson Controls. Attached to the motion was an affidavit from Cadle's counsel, wherein counsel states that Cadle has not received any response to its interrogatories or any documents pursuant to Cadle's previous request. On April 21, 2005, Cadle supplemented its motion for default judgment or, in the alternative, a motion to compel discovery. Attached to this pleading was another affidavit from Cadle's counsel, wherein counsel states (1) that Cadle sent notice to depose Johnson Controls' Chief Executive Officer ("CEO"), (2) that Johnson Controls did not respond to the notice, and (3) that neither the CEO nor Johnson *Page 3 
Controls' counsel appeared at the scheduled deposition. In June 2005, the trial court denied Cadle's motion for default judgment and sanctioned Johnson Controls $150 for failing to appear at a scheduled deposition.
 {¶ 5} On July 8, 2005, Johnson Controls filed a motion for a protective order, seeking to prevent Cadle from deposing its CEO. Attached to this pleading was a copy of a letter sent from Johnson Controls' counsel to Cadle's counsel regarding discovery matters. Further, a corporate profile of Johnson Controls was attached, which provides that Johnson Controls employs about 123,000 people. On July 15, 2005, Cadle filed a "renewed motion for default judgment" against Johnson Controls for alleged discovery violations. Cadle attached a copy of Johnson Controls' answers to its request for admissions, which Cadle alleged were deficient. That same day, Cadle also filed a memorandum in opposition to Johnson Controls' motion for a protective order.
 {¶ 6} On November 28, 2005, Johnson Controls filed a brief in opposition to Cadle's renewed motion for default judgment. Attached to its brief in opposition was a copy of Johnson Controls' supplemental answers to Cadle's request for admissions and interrogatories. Also on November 28, 2005, Johnson Controls filed a notice of service with the trial court indicating that it provided Cadle with Johnson Controls' supplemental answers to Cadle's requests for admissions and interrogatories. On December 8, 2005, Cadle responded with a reply brief to Johnson Controls' brief in opposition to its renewed motion for default judgment.
 {¶ 7} On November 28, 2005, Johnson Controls filed a motion for default judgment against Riverside. On February 2, 2006, the trial court entered default *Page 4 
judgment against Riverside and in favor of Johnson Controls. That same day, the trial court entered default judgment in favor of Cadle and against Johnson Controls.
 {¶ 8} Johnson Controls filed a Civ.R. 60(B) motion for relief from judgment from the default judgment entry in favor of Cadle. Prior to the trial court ruling on Johnson Controls' Civ.R. 60(B) motion, Johnson Controls filed a notice of appeal of the trial court's default judgment entry in favor of Cadle in this court. Upon motion, this court remanded the matter to the trial court to rule on Johnson Controls' Civ.R. 60(B) motion. The trial court denied Johnson Controls' Civ.R. 60(B) motion without holding a hearing.
 {¶ 9} Johnson Controls filed a "statement of proceeding," pursuant to App.R. 9(C). However, Johnson Controls' App.R. 9(C) statement was not approved by the trial court. The Rules of Appellate Procedure provide "[t]he statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval."[1] Since Johnson Controls' App.R. 9(C) statement was not approved by the trial court, we will not consider it for any purpose on appeal.[2]
 {¶ 10} Johnson Controls raises three assignments of error. Its first assignment of error is:
 {¶ 11} "The trial court erred as a matter of law when it granted the Cadle Company's motion for default [judgment] without notifying plaintiff of the hearing."
 {¶ 12} The only reference in the record to a hearing being held on Cadle's renewed motion for default judgment is in the unapproved App.R. 9(C) statement. In its appellate brief, Cadle asserts that no hearing on the motion occurred. Since there is no evidence of a hearing, we will presume that no hearing occurred on the motion. *Page 5 
 {¶ 13} In its appellate brief, Cadle cites this court's opinion inMatthews v. Rader in support of its contention that a trial court is not required to hold a hearing on a motion for default judgment filed pursuant to Civ.R. 55(A).[3] However, Cadle's motion for default judgment was not filed under Civ.R. 55. Rather, Cadle's motion specifically sought default judgment for Johnson Controls' alleged discovery violations. As such, the motion for default judgment was filed pursuant to Civ.R. 37.
 {¶ 14} While Civ.R. 37 does not require a hearing on a discovery violation, we believe it is prudent for the trial court to conduct a hearing when, as in this case, the parties' pleadings directly contradict each other as to which party is at fault in the discovery dispute.
 {¶ 15} A trial court has considerable latitude in imposing sanctions for discovery violations and a trial court's decision on a discovery violation will not be reversed absent a showing of an abuse of discretion.[4] "The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"[5]
 {¶ 16} In regard to Civ.R. 37, the Supreme Court of Ohio has held "`[i]t is an abuse of discretion for a trial court to grant a default judgment for failing to respond to discovery requests when the record does not show willfulness or bad faith on the part of the responding party.'"[6] Further, as this court has observed, "`the granting of a default judgment, analogous to the granting of a dismissal, is a harsh remedy which should only *Page 6 
be imposed when "the actions of the defaulting party create a presumption of willfulness or bad faith."`"[7]
 {¶ 17} In this matter, there were several discovery disputes between the parties.
 {¶ 18} Civ.R. 37(B) provides, in pertinent part:
 {¶ 19} "(2) If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 {¶ 20} "* * *
 {¶ 21} "(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." (Emphasis added.)
 {¶ 22} The language of the rule indicates that "an order" of the court requiring a party to provide discovery is a prerequisite for the trial court to enter default judgment pursuant to Civ.R. 37(B). This is because the rule only permits default judgment as a sanction for failing to comply with a prior court order.
 {¶ 23} Civ.R. 37(D) provides, in relevant part:
 {¶ 24} "If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper *Page 7 
notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, * * * the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized by subsections (a), (b), or (c) of subdivision (B)(2) of this rule."
 {¶ 25} The record is devoid of any orders from the trial court, pursuant to Civ.R. 37(B)(1) or (2), instructing Johnson Controls to comply with Cadle's discovery requests.
 {¶ 26} One of the discovery disputes involved the deposition of Johnson Controls' CEO. The CEO did not appear at a scheduled deposition. The trial court sanctioned Johnson Controls $150 for not providing its CEO for the deposition. Thereafter, Johnson Controls filed a motion for a protective order, pursuant to Civ.R. 26(C), seeking an order preventing Cadle from deposing its CEO. In this motion, Johnson Controls asserts that it employs 123,000 employees, that it is a multi-national corporation, and that its CEO has no knowledge or information regarding the transactions between the parties. Further, it argues that Cadle was only seeking to depose its CEO for purposes of harassment. A motion for a protective order filed pursuant to Civ.R. 26(C) may constitute excuse for a party's failure to appear for a deposition.[8] The record does not indicate the trial court ruled on Johnson Controls' motion for a protective order. Since Johnson Controls' motion for a protective order was pending, it could not be found to have violated Civ.R. 37 in regard the deposition issues, because the motion for a protective order, if granted, would excuse Johnson Controls' duty to comply with Cadle's discovery request. *Page 8 
 {¶ 27} In addition, Cadle was not satisfied with Johnson Controls' production of discovery. One of Cadle's arguments was that Johnson Controls' initial response to its request for admissions was unsworn. A copy of these responses was attached to Cadle's renewed motion for default judgment. This document indicates Johnson Controls answered all 17 of Cadle's requests for admission and all 21 of its interrogatories. Cadle contends that many of the answers were deficient for failing to fully answer the inquiries.
 {¶ 28} Also, Cadle asserts that the answers were deficient because they were not signed. Civ.R. 33 requires that answers to interrogatories be signed. In its initial answers to the interrogatories, Johnson Controls' final answer was to interrogatory number 21. There is no signature after this response. Thereafter, a certificate of service is listed, which is signed by Johnson Controls' counsel. Johnson Controls filed a brief in opposition to Cadle's renewed motion for default judgment. Further, a copy of Johnson Controls' supplemental answers to Cadle's request for admissions and interrogatories was attached to its brief in opposition. These supplemental answers contain Johnson Controls' counsel's signature.
 {¶ 29} We note that incomplete answers to interrogatories do not, per se, constitute bad faith.[9] In this matter, Johnson Controls responded to Cadle's interrogatories. Subsequently, upon being informed of inadequacies in the interrogatories, Johnson Controls provided supplemental answers to the interrogatories in an attempt to correct the deficiencies. These actions do not equate to bad faith. *Page 9 
 {¶ 30} In light of the totality of the circumstances, we conclude the trial court erred by granting Cadle's motion for default judgment, which is the harshest possible sanction. The matter before the trial court was a contested discovery dispute. While Cadle asserted that Johnson Controls had failed to comply with discovery, Johnson Controls expressly denied that any discovery violations existed. At a minimum, the trial court should have held a hearing to resolve the discovery issues.
 {¶ 31} In this matter, the trial court abused its discretion by granting Cadle's motion for default judgment without conducting a hearing, because the record, as it currently exists, does not demonstrate that Johnson Controls acted willfully or in bad faith.
 {¶ 32} This matter is remanded to the trial court to hold a hearing on Cadle's motion for default judgment. Following the hearing, the trial court should only grant the motion for default judgment if it finds that Johnson Controls has committed a discovery violation and that such violation was willful or committed in bad faith.[10]
 {¶ 33} Johnson Controls' first assignment of error has merit to the extent indicated.
 {¶ 34} Johnson Controls' second and third assignments of error are:
 {¶ 35} "[2.] The trial court erred as a matter of law by failing to hold an evidentiary hearing on plaintiff's Ohio Civil Rule 60(B) motion. *Page 10 
 {¶ 36} "[3.] The trial court abused its discretion by denying plaintiffs Ohio Civil Rule 60(B) motion."
 {¶ 37} Due to our disposition of the first assignment of error, these assigned errors are moot.[11]
 {¶ 38} The judgment of the trial court is reversed. This matter is remanded to the trial court for the trial court to hold a hearing on the Cadle's motion for default judgment.
COLLEEN MARY OTOOLE, J., concurs,
DIANE V. GRENDELL, J., dissents with Dissenting Opinion.
[1] App.R. 9(C).
[2] See, e.g., State v. Manis, 11th Dist. No. 1221, 1985 Ohio App. LEXIS 9576, at *5.
[3] See Matthews v. Rader, 11th Dist. No. 2003-L-092, 2005-Ohio-3271, at ¶ 26.
[4] Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256.
[5] (Citations omitted.) Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
[6] State ex rel. Dispatch Printing Co. v. Johnson,106 Ohio St.3d 160, 2005-Ohio-4384, at ¶ 49, quoting Toney v. Berkemer (1983),6 Ohio St.3d 455, syllabus.
[7] (Citations omitted.) Zimerman v. Group Maintenance Corp., 11th Dist. No. 2003-A-0105, 2005-Ohio-3539, at ¶ 21.
[8] Civ.R. 37(D).
[9] Toney v. Berkemer, 6 Ohio St.3d at 459.
[10] State ex rel. Dispatch Printing Co. v. Johnson, at ¶ 49.
[11] See App.R. 12(A)(1)(c).