[Cite as *Nationstar Mtge., L.L.C. v. Bates-Brown*, 2019-Ohio-1073.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nationstar Mortgage LLC<br>d/b/a Mr. Cooper, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | | No. 18AP-639 |
| | : | (C.P.C. No. 17CV-8174) |
| Antoinette M. Bates-Brown a/k/a<br>Antoinette M. Bates a/k/a | : | (REGULAR CALENDAR) |
| Antoinette M. Brown et al., | | |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

D E C I S I O N

Rendered on March 26, 2019

**On brief:** *McGlinchey Stafford*, and *James W. Sandy*, for appellee. **Argued:** *James W. Sandy.*

**On brief:** *Antoinette M. Bates-Brown*, pro se. **Argued:** *Antoinette M. Bates-Brown.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} In this foreclosure case, defendant-appellant, Antoinette Bates-Brown, appeals from a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar"). Pursuant to the following analysis, we affirm.

## I. Facts and Procedural History

{¶ 2} On November 12, 2015, Bates-Brown executed a note for $103,785 in favor of Quicken Loans. That same day, she signed a mortgage on the real property located at 3169 Pine Valley Road, Columbus, Ohio, to mortgagee Mortgage Electronic Registration

Systems, Inc. ("MERS") as security for the note. The note was specifically endorsed to Nationstar and a blank allonge was subsequently attached to the note. MERS assigned the mortgage to Nationstar on August 29, 2017.

{¶ 3} Nationstar's September 8, 2017 complaint alleged Bates-Brown is the obligor on the note secured by the mortgage on her residence. The complaint further asserted that the note is in default, and that Nationstar was entitled to judgment in the amount of $101,485.87 plus interest from April 1, 2017. Nationstar attached a copy of the note, mortgage, and recorded mortgage assignment to the complaint. Nationstar sought foreclosure on the home and a forced sheriff's sale on the property. Bates-Brown's pro se October 11, 2017 answer was a general denial containing, inter alia, defenses that Nationstar was not the real party in interest and that Nationstar failed to join necessary parties.

{¶ 4} A flurry of filings followed. Initially, Bates-Brown filed a motion for hearing pursuant to the attachment statute, R.C. 2715.04, arguing that Nationstar was not the real party in interest. The documents she attached to her motion do not address Nationstar's status as plaintiff; rather, the papers purport to pay off her loan in full. Specifically, she fastened to her opposition: (1) a "Private International Administrative Remedy Demand No. AMB-092617-AB"; (2) a purported "Certified Promissory Note" payable to Nationstar in the amount of $105,500; "Verification of Tender of Payment"; (3) "Instructions and Notice of Fiduciary Obligation Indenture [R]egarding the Registered Promissory Note Tendered for Full Discharge"; (4) a "Promissory Note" for $50,000 that can be "[f]inancially [t]raded"; and (5) proof of certified mail return upon Nationstar of those documents. (Ex.'s attached to Jan. 22, 2018 Answer and Mot. for Dismissal.) The trial court denied the unopposed motion, noting that Nationstar had not filed a motion for attachment.

{¶ 5} Next, Nationstar lodged its motion for summary judgment on January 8, 2018. Nationstar attached the affidavit of Ms. Felecee Davis in support. (Dec. 19, 2017 Davis Aff.) Styled as an "Answer and Motion to Dismiss," Bates-Brown's ensuing opposition indicated the loan was paid in full pursuant to the highlighted documents she attached in support of her motion for hearing. Nationstar's reply countered that Bates-Brown failed to sustain her reciprocal Civ.R. 56 burden via her unauthenticated, inadmissible, and legally invalid documents.

{¶ 6} On March 22, 2018, Bates-Brown moved to amend her October 11, 2017 answer under Civ.R. 15 to include additional defenses and counterclaims. Four days later, Bates-Brown lodged another Civ.R. 15 motion, this time to amend her January 22, 2018 opposition to Nationstar's motion for summary judgment. Her proposed amended opposition, styled as a motion to dismiss, argued the trial court lacked jurisdiction. In particular, she proffered an unauthenticated letter dated March 11, 2018 to her from Mr. Cooper stating that "Tiaa, fsb (Fka Everbank)" ("Everbank") is the owner of her note. (Ex. A at 1 attached to the Mar. 26, 2018 Motion to Dismiss.) As such, she argued the trial court lacked jurisdiction because nonparty Everbank, as the note's owner, is the real party in interest, not Nationstar. Nationstar opposed both motions on delay and inadmissibility grounds.

{¶ 7} Bates-Brown then sought to add Everbank as a party and to compel discovery from Nationstar related to her real party-in-interest contentions. Nationstar opposed, asserting it has standing via its holder status and that it properly responded to Bates-Brown's discovery demands. Nationstar further contended Bates-Brown failed to make good-faith efforts to resolve her concerns with it before filing her motion as Civ.R. 37(A) requires.

{¶ 8} The trial court's July 10, 2018 decision and entry addressed the noted motions. First, the trial court denied Bates-Brown's motion for leave to amend her October 11, 2017 answer, reasoning that undue delay and prejudice were present because Nationstar's motion for summary judgment was fully briefed. Second, the trial judge denied Bates-Brown's motion to add Everbank because Nationstar, as the note's holder, qualified as a real party in interest under R.C. 1303.31. Third, the trial court granted Nationstar's motion for summary judgment, finding that Nationstar had satisfied its Civ.R. 56 burden and that Bates-Brown had not sustained her reciprocal Civ.R. 56 burden. In accordance with that entry, the trial court executed its final judgment entry in favor of Nationstar on July 27, 2018 for all the relief Nationstar sought in its complaint. This appeal followed.

## II. Assignments of Error

{¶ 9} Appellant appeals and assigns the following three assignments of error for our review:

> [I.] The trial court improperly granted the motion for summary judgement [sic] in favor of Plaintiff due to the fact that it denied Defendant's (Amended) Motion to Dismiss and ignored other pleadings that proffer evidence of the presence of genuine issues of material fact regarding Plaintiff's failure to provide sufficient proof of entitlement to foreclose and damages.
>
> [II.] The trial court granted the Defendant-Appellant's Motion to Join a Party, but erred when it prematurely terminated the case with a foreclosure judgment without enforcing its own order to join the necessary party.
>
> [III.] The trial court denied the Defendant-Appellant's Constitutional right to due process when it failed to schedule a hearing and/or trial and to compel discovery.

## III. Standard Of Review

{¶ 10} Appellate review of summary judgment is de novo, which means without deference to the trial court's decision. *Gabriel v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 14AP-870, 2015-Ohio-2661, ¶ 12, citing *Byrd v. Arbors E. Subacute & Rehab. Ctr.*, 10th Dist. No. 14AP-232, 2014-Ohio-3935, ¶ 5; *see also Garb-Ko, Inc. v. Benderson*, 10th Dist. No. 12AP-430, 2013-Ohio-1249, ¶ 7. Pursuant to Civ.R. 56(C), summary judgment shall be granted if: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 11} Under the rule, the moving party bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once the moving party discharges its initial burden, summary judgment is appropriate only if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Adams v. Kurz*, 10th Dist. No. 09AP-1081, 2010-Ohio-2776, ¶ 10, citing Civ.R. 56(E) and *Dresher* at 293.

## IV. Analysis

{¶ 12} We address the assignments of error out of order for ease of analysis.

**A. Second Assignment of Error—Motion to Join Everbank**

{¶ 13} In the second assignment of error, Bates-Brown asserts that the trial court committed error by granting her motion to join Everbank but then denying her motion to compel discovery relative to Everbank. To support her contention, she relies on the disposition sheet attached to the entry that indicates the trial court tied-off her joinder motion as granted. In so arguing, she ignores the plain language of the entry itself that clearly denies that motion. Specifically, the entry holds that Bates-Brown failed to include grounds establishing how joinder of Everbank was required under Civ.R. 19. The entry continues by noting the letter, even if properly authenticated, is irrelevant because the current holder of the note and mortgage may institute a foreclosure, even if the holder is not the owner. The entry concludes by explicitly stating Bates-Brown's motion to add is "**DENIED**." (Emphasis sic.) (July 10, 2018 Decision and Entry at 5.)

{¶ 14} In this instance, we adhere to the "simple analysis that a trial court speaks through its entry." *State v. Powers*, 10th Dist. No. 15AP-422, 2015-Ohio-5124, ¶ 18. Here, the entry itself is clear that the motion to join is denied. The tie-off sheet serves merely an administrative and not substantive function by removing pending motions from the trial court's docket. Because the entry itself clearly denies the motion to join, Bates-Brown's second assignment of error is overruled.

**B. First Assignment of Error—Motion for Summary Judgment**

{¶ 15} In the first assignment of error, Bates-Brown maintains that the trial court improperly ignored her proffered evidence disputing the amount due and her real party-in-interest contention when granting Nationstar's motion for summary judgment. Because the entry is clear that the trial court did so consider, we disagree on both fronts.

{¶ 16} Nationstar, as the party seeking to foreclose on Bates-Brown's mortgage, must present evidentiary-quality materials showing: (1) it is the holder of the note and mortgage or is a party entitled to enforce the instrument; (2) if it is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Deutsche Bank Natl. Trust Co. v. Thomas*, 10th Dist. No. 14AP-809, 2015-Ohio-4037, ¶ 9, 19.

{¶ 17} Nationstar lodged Davis's affidavit in support of its motion for summary judgment. Therein, Davis did not provide her specific job title at Nationstar, but she did aver:

> [R]esponsibilities at Nationstar include reviewing documents prepared by legal representatives that are relevant to mortgage loans and borrowers and verifying Nationstar's information based on the system of record. The averments provided in this affidavit are within the scope of my duties. The duties of my position include the review of Nationstar's loan records, ensuring accuracy of Nationstar's loan records, and executing documents. The averments provided in this affidavit are within the scope of my duties.

(Davis's Aff. at ¶ 2.) This language sufficiently established that she was a Nationstar employee charged with reviewing and confirming customers' mortgage loan data. In this regard, she utilized her personal knowledge obtained from her personal review of Nationstar's business records for Bates-Brown's account to testify that Bates-Brown executed the note and mortgage. *Id.* at ¶ 5. Davis averred that Nationstar held the note at the time the complaint was filed and for the duration of the foreclosure action. *Id.* Davis testified that MERS assigned the related mortgage to Nationstar, and that the assignment was properly recorded prior to the foreclosure complaint. *Id.* at ¶ 6. She continued by providing that Bates-Brown's note was in default and noting Nationstar had mailed Bates-Brown the requisite default and demand letters prior to initiating the foreclosure. Davis testified Bates-Brown did not cure the default and that the amount due was $101,485.87 with interest at 4.375 percent per annum from April 1, 2017. Davis attached a copy of Bates-Brown's note with endorsement and allonge, mortgage, recorded mortgage assignment, default letter, demand letter, and payment history to Davis's affidavit. Nationstar therefore established its burden under both Civ.R. 56 and *Thomas*.

{¶ 18} Because Nationstar sustained its burden, the burden then shifted to Bates-Brown to produce Civ.R. 56 evidence showing that a genuine issue of material fact existed for trial. *Kurz* at ¶ 10. In this regard, she first attacks the amount due. Particularly, her January 22, 2018 opposition claims she paid off the loan via the documents attached to her motion for hearing discussed supra.

{¶ 19} Civ.R. 56(C) limits the type of evidentiary materials that a trial court can consider when ruling on summary judgment to "the pleadings, depositions, answers to

interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, [that are] timely filed in the action." Thus, the rule "places strict limitations upon the type of documentary evidence that a party may use in support of or in opposition to summary judgment." *Arnold v. Columbus*, 10th Dist. No. 14AP-418, 2015-Ohio-4873, ¶ 31. Documents that do not fall within one of the categories of evidence listed in Civ.R. 56(C) may be introduced as proper evidentiary material only when incorporated by reference into a properly framed affidavit pursuant to Civ.R. 56(E). *Thompson v. Hayes*, 10th Dist. No. 05AP-476, 2006-Ohio-6000, ¶ 103. " 'Documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court.' " *Id.*, quoting *State ex rel. Shumway v. Ohio State Teachers Retirement Bd.*, 114 Ohio App.3d 280, 287 (10th Dist.1996).

{¶ 20} Here, Bates-Brown's purported payment documents were not "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, [or] written stipulations of fact" authenticated by way of affidavit. Civ.R. 56(C). In addition, her documents were unauthenticated. Hence, the trial court properly refrained from reviewing them pursuant to the plain text of Civ.R. 56 and *Thompson*.

{¶ 21} As noted above, Davis's affidavit established that Bates-Brown's account was in default. In a mortgage foreclosure case, "[a]n affidavit stating the loan is in default, is sufficient for purposes of Civ.R. 56, in the absence of evidence controverting those averments." (Citation and internal quotations omitted.) *Logansport Sav. Bank, FSB v. Shope*, 10th Dist. No. 15AP-148, 2016-Ohio-278, ¶ 13. Because Bates-Brown failed to maintain her reciprocal burden of producing Civ.R. 56 evidence establishing a genuine issue of material fact as to the amount due, we find no error in the trial court's entries sustaining Nationstar's motion for summary judgment.

{¶ 22} Bates-Brown's second endeavor to obtain reversal of the trial court's entry and final judgment entry is intertwined with her first assignment of error. That is, she attempts to utilize her March 26, 2018 proposed amended opposition to assert the trial court lacked jurisdiction because Nationstar was the holder, and not the owner, of the underlying note. She contends the trial court improperly ignored the letter stating that Everbank owns the note. This argument is without merit for three reasons. First, the letter

is inadmissible under Civ.R. 56. Second, even if the letter was admissible, it was irrelevant. And third, the record explicitly provides that the trial court did address the letter.

{¶ 23} To begin, the letter is inadmissible. As noted, it is not within Civ.R. 56(C)'s parameters and is also unauthenticated by affidavit. This results in our holding under Civ.R. 56 and *Thompson* that the trial court correctly excluded the letter from its summary judgment determination.

{¶ 24} Second, assuming arguendo, that the trial court could have appropriately considered the letter stating that Everbank was the owner of the note, we would reach the same conclusion because such a fact, if true, would not prevent Nationstar from initiating and maintaining the foreclosure. This is so because a promissory note secured by a mortgage is a negotiable instrument. *Bank of Am., N.A. v. Pasqualone*, 10th Dist. No. 13AP-87, 2013-Ohio-5795, ¶ 29. Pursuant to R.C. 1303.31(A)(1), a "[p]erson entitled to enforce" a negotiable instrument includes the holder of the instrument. "Holder" is defined, in relevant part, as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." R.C. 1301.201(B)(21)(a).

{¶ 25} Davis's affidavit establishes that Nationstar held the note on the day Nationstar filed the foreclosure and for the duration of the foreclosure case at the trial court level. Nationstar was therefore a "[p]erson entitled to enforce" the note as a "[h]older" pursuant to R.C. 1301.201 and 1303.31. Bates-Brown's "owner" descriptive for Nationstar is thus of no import. Consequently, because the trial court correctly held Nationstar's "[h]older" status granted Nationstar standing to assert the foreclosure, we overrule this portion of the first assignment of error.

{¶ 26} Third, the record shows the trial court did consider her real party-in-interest assertions within the context of Bates-Brown's motion to add Everbank. In particular, and as discussed above, the trial court's July 10, 2018 entry referenced the letter when indicating a note's holder has standing to bring a foreclosure case even if the holder is not the note's owner. The first assignment of error lacks merit and is overruled.

**C. Third Assignment of Error—Due Process**

{¶ 27} Finally, Bates-Brown argues in her third assignment of error that the trial court violated her due process rights by not conducting a discovery hearing or a full trial. We overrule this assignment of error.

{¶ 28} Civ.R. 56(C) mandates the granting of summary judgment where, as here, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. "It is well-settled that the mechanism of summary judgment, applied appropriately under reasonable conditions and procedures, does not violate a party's right to trial by jury." *Bank of N.Y. v. Barclay*, 10th Dist. No. 03AP-844, 2004-Ohio-1217, ¶ 28, citing *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620 (1944). We held above that the trial court properly granted summary judgment in favor of Nationstar. As such, there are no due process concerns present here under *Barclay*.

{¶ 29} The trial court did not explicitly deny Bates-Brown's motion to compel. In this circumstance, we assume the trial court denied the motion. *Hinton v. Ohio Bur. of Sentence Computation*, 10th Dist. No. 17AP-187, 2018-Ohio-237, ¶ 6, citing *CitiMortgage, Inc. v. Guinther*, 10th Dist. No. 12AP-654, 2013-Ohio-4014, ¶ 24. We note further that Civ.R. 37 does not require a hearing on discovery violations. *Johnson Controls v. Cadle Co.*, 11th Dist. No. 2006-T-0030, 2007-Ohio-3382, ¶ 14. Therefore, we overrule this final ground of contention under the third assignment of error.

## V. CONCLUSION

{¶ 30} Pursuant to the foregoing analysis, the trial court did not err in granting Nationstar's motion for summary judgment denying Bates-Brown's motion to add and declining to proceed with a hearing or trial. Having overruled each assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and HANDWORK, JJ., concur.

HANDWORK, J., retired, formerly of the Sixth Appellate District, assigned to active duty under the Ohio Constitution, Article IV, Section 6(C).

———————————