[Cite as *Kemba Fin. Credit Union v. Leeper*, 2026-Ohio-1060.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kemba Financial Credit Union, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 25AP-519 |
| v. | : | (M.C. No. 2024 CVF 057788) |
| Rosetta Leeper, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

———————

D E C I S I O N

Rendered on March 26, 2026

———————

**On brief:** *Weltman, Weinberg & Reis Co., L.P.A.*, and *Thomas G. Widman*, for appellee. **Argued:** *Thomas G. Widman*.

**On brief:** *Rosetta Leeper*, pro se. **Argued:** *Rosetta Leeper*.

———————

APPEAL from the Franklin County Municipal Court

BOGGS, P.J.

{¶ 1} Defendant-appellant, Rosetta Leeper, appeals the Franklin County Municipal Court's entry of summary judgment in favor of plaintiff-appellee, Kemba Financial Credit Union ("Kemba Financial"), on its claims against Leeper for nonpayment of an automobile loan and a credit card. We affirm the trial court's judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 2} On January 15, 2025, Kemba Financial filed a complaint in the Franklin County Municipal Court, seeking a judgment against Leeper for non-payment on accounts associated with an automobile loan and a credit card. Kemba Financial sought a judgment for the principal amount of $5,497.91, plus interest, as set out in the loan and credit card agreements between Leeper and itself, and costs. Leeper was served by certified mail on January 15, 2025.

{¶ 3} Leeper filed a motion for an extension of time and a "response" to Kemba Financial's complaint on February 18, 2025. In her motion for an extension of time, Leeper stated that the complaint had been delivered to her previous address, and she provided the trial court with an updated address on Porsche Court in Columbus. In her response to the complaint, Leeper did not respond to Kemba Financial's specific allegations, but instead alleged that Kemba Financial had committed "Exhortation, Bank fraud, [and] Insurance fraud," causing her "financial and mental anguish, damages and harm." (Feb. 18, 2025 Resp. to Pl.'s Compl. for Money at 1.) The gist of Leeper's response was that Kemba Financial improperly imposed and charged her for force-placed insurance—insurance imposed by the lender to protect its security interest when the borrower has not provided proof of sufficient coverage for the security—despite Leeper's maintenance of full coverage on her automobile. She stated that Kemba Financial improperly rejected her proof of insurance coverage and falsely claimed it had received notice from Allstate Insurance Company that Leeper's automobile insurance policy was cancelled effective October 4, 2022. Leeper also alleged that Kemba Financial continued to demand car payments from her after she totaled her vehicle on July 28, 2023, reported allegedly fraudulent missed payments to credit bureaus, and filed fraudulent insurance claims with respect to her vehicle. She claimed that Kemba Financial locked her out of her credit card, checking, and savings accounts. Despite her allegations of misconduct, Leeper did not assert any counterclaims against Kemba Financial.

{¶ 4} In March 2025, Kemba Financial served discovery requests, including requests for admissions, interrogatories, and requests for production of documents, on Leeper. The discovery requests included a demand for responses within 28 days of service. The certificate of service attached to the discovery requests indicates the requests were served on Leeper on "this ___ day of March, 2025," but no date was filled in. (Apr. 17, 2025 Pl.'s Mot. for Summ. Jgmt., Ex. 6 at 14.) Kemba Financial has submitted a cover letter dated March 5, 2025, which it contends was mailed with its discovery requests on that date. The address listed on the certificate of service attached to the discovery requests is Leeper's updated Porsche Court address. Leeper did not timely respond to the discovery requests, nor did she request an extension of time in which to respond.

{¶ 5} On April 17, 2025, Kemba Financial filed a motion for summary judgment, supported by an affidavit from David Mills, who is identified as an authorized representative of Kemba Financial and keeper of Kemba Financial's records. Attached to Mills's affidavit are several exhibits, including the loan and security agreement and transaction summary for Leeper's automobile loan and the application, account opening disclosure, and credit card agreement for Leeper's credit card. In its motion, Kemba Financial argued that, based on Leeper's failure to timely respond to its requests for admission, the matters upon which it sought admission must be deemed admitted pursuant to Civ.R. 36. The certificate of service on the motion for summary judgment listed Leeper's prior address, to which the complaint had been directed. Although the trial court itself issued a notice of motion for summary judgment to Leeper on April 21, 2025, informing Leeper of the deadline for responding to Kemba Financial's motion, it is unclear from the record which address this notice was delivered to.

{¶ 6} Leeper initially filed a response to Kemba Financial's motion for summary judgment, along with a motion for a continuance, on May 2, 2025. Leeper claimed she did not receive Kemba Financial's motion for summary judgment until 11 days after it was filed, because it was sent to her previous address, and she requested additional time to respond to the motion. On May 16, 2025, Leeper filed a second response to Kemba Financial's motion for summary judgment, along with a motion to withdraw admissions and a motion to dismiss Kemba Financial's complaint. Also on May 16, 2025, Leeper filed untimely answers to Kemba Financial's discovery requests, including its requests for admissions.

{¶ 7} In her May 16, 2025 response to Kemba Financial's motion for summary judgment, Leeper repeated many of the allegations and arguments she had previously stated in her response to the complaint. Leeper again argued that Kemba Financial had improperly imposed and charged her for force-placed insurance and rejected her efforts to provide proof of insurance. She admitted that she cancelled her full-coverage insurance policy with Allstate Insurance Company on October 21, 2022, due to her inability to afford her household bills because of Kemba Financial's imposition of force-placed insurance, but that she had in effect an insurance policy with Safe Auto Insurance Company from November 9, 2022 through August 27, 2023. She argued that Kemba Financial continued to charge her for unpaid car payments and force-placed insurance coverage after her car

was totaled in July 2023, and that it filed a fraudulent insurance claim with respect to the totaled vehicle. Leeper also argued that Kemba Financial made false statements in response to Leeper's complaints to the Business Consumer Alliance, the National Credit Union Association, the Better Business Bureau, the Ohio Department of Insurance, and the Federal Trade Commission and has reported fraudulent debt to credit-reporting bureaus. Without citing any civil rule, Leeper asked the trial court to dismiss Kemba Financial's complaint with prejudice. Leeper attached to her response several unauthenticated exhibits, including a payment history of her automobile loan, a text message regarding a meeting with legal aid, a bill of sale for her vehicle, and a repair invoice.

{¶ 8} Kemba Financial replied to Leeper's May 16, 2025 response and motions on May 22, 2025. It argued that, even without admissions based on Leeper's failure to timely answer its discovery requests, the evidence attached to its motion for summary judgment was sufficient to meet its burden for purposes of summary judgment of establishing the absence of any genuine issue of material fact, and that it is entitled to judgment as a matter of law. Kemba Financial also argued that Leeper's untimely discovery responses should be stricken from the record, as Leeper did not request an extension of time and did not request leave to submit her responses after the deadline had expired. Even so, Kemba Financial argued that Leeper's submitted responses to its requests for admission neither admitted nor denied the matters upon which admissions were sought and did not comply with the requirements of Civ.R. 36(A)(2). Kemba Financial therefore requested that the trial court deem each of the matters admitted, as authorized by Civ.R. 36(A)(3). Finally, Kemba Financial argued that Leeper failed to support any of her arguments opposing summary judgment with evidence the trial court could consider under Civ.R. 56(C).

{¶ 9} On June 9, 2025, the trial court issued a judgment entry, summarily granting Kemba Financial's motion for summary judgment and entering judgment for Kemba Financial in the amount of $5,497.91, plus interest at the statutory rate from the date of the entry, and court costs.

{¶ 10} Leeper filed a timely notice of appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Leeper raises seven assignments of error, which we paraphrase here:

> 1. The trial court erred in refusing to acknowledge Leeper's proof of insurance.

2. The trial court ignored proof that Leeper totaled her vehicle on July 28, 2023 and that Kemba Financial committed insurance fraud by filing an insurance claim under the force-placed insurance with an incorrect date of loss.

3. The trial court erred by ignoring Kemba Financial's extortion of Leeper for unnecessary force-placed insurance.

4. The trial court erred by ignoring Kemba Financial's fraudulent and deceptive responses to state and federal government entities, causing those entities not to believe Leeper's complaints.

5. The trial court erred by accepting Kemba Financial's fraudulent response to Leeper's discovery.

6. The trial court erred when it allowed Kemba Financial's counsel to submit interrogatories with no date on the certificate of service page and discovery requests, and a motion for summary judgment mailed to Leeper's previous address, making it impossible for Leeper to reply in a timely fashion, in violation of Leeper's Fourteenth Amendment rights.

7. The trial court erred by ignoring the Supreme Court of Ohio when it ignored Kemba Financial's fraudulent behavior.

(*See* Aug. 5, 2025 Appellant's Am. Brief at 4-8, 11.)

## III.  DISCUSSION

{¶ 12}  Leeper challenges the trial court's judgment granting Kemba Financial's motion for summary judgment.  We review a grant of summary judgment de novo.  *Capella III, L.L.C. v. Wilcox*, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing A*ndersen v. Highland House Co.*, 2001-Ohio-1607, ¶ 5.   Under a de novo standard of review, the court of appeals independently reviews the record and affords no deference to the trial court's decision. *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 2019-Ohio-4015, ¶ 6 (10th Dist.), citing *Holt v. State*, 2010-Ohio-6529, ¶ 9 (10th Dist.).

{¶ 13}  "[S]ummary judgment is only proper when '(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' " *Gilbert v. Summit Cty.*, 2004-Ohio-7108, ¶ 6, quoting *Temple v. Wean United, Inc.*, 50 Ohio St. 2d 317, 327 (1977).  In ruling on a motion for summary judgment, the trial court must construe the evidence and resolve all doubts in favor of the nonmoving party.  *Premiere Radio*

*Networks, Inc.* at ¶ 6, citing *Pilz v. Ohio Dept. of Rehab. & Corr.*, 2004-Ohio-4040, ¶ 8 (10th Dist.).

{¶ 14} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's case. *Dresher v. Burt*, 1996-Ohio-107, ¶ 17. A movant does not discharge that burden "simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case." *Id*. Instead, the movant must point to evidentiary materials of the type listed in Civ.R. 56(C), which must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id*. The evidentiary materials listed in Civ.R. 56(C) include "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any[.]" If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment. *Dresher* at ¶ 17.

{¶ 15} If the movant satisfies its initial burden, then the nonmoving party has a reciprocal burden, as outlined in Civ.R. 56(E):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶ 16} To the extent Leeper's assignments of error challenge service of Kemba Financial's complaint, discovery requests, and/or motion for summary judgment, we reject that challenge. The complaint was sent by certified mail to Leeper at 1359 Kent Street, Columbus, Ohio, 43205. Although Leeper claims she had moved from that address in November 2024, prior to the filing of Kemba Financial's complaint, the record indicates that Leeper signed for the certified mail, and was therefore properly served with the complaint, on January 15, 2025. The certificate of service attached to Kemba Financial's discovery requests indicates that those requests were served on Leeper by ordinary mail at her updated Porsche Court address that she provided to the trial court in her February 18,

2025 motion for an extension of time to respond to the complaint. Although the certificate of service attached to Kemba Financial's motion for summary judgment indicates it was sent to Leeper's prior Kent Street address, it is undisputed that Leeper learned of the motion for summary judgment and was able to timely request additional time and to fully respond to the motion. Therefore, we conclude that Leeper was not prejudiced by Kemba Financial's use of her prior address on the motion for summary judgment.

{¶ 17} In support of its motion for summary judgment, Kemba Financial presented Civ.R. 56(C) evidence establishing the existence of Leeper's automobile loan and credit card account held by Kemba Financial, as well as evidence that Leeper had defaulted under the terms of those agreements and owed the principal sum of $4,374.65 on her automobile loan and the principle sum of $1,123.26 on her credit card account. The attachments to Mills's affidavit include the terms and conditions, including the applicable interest rates, that govern Leeper's accounts with Kemba Financial. An affidavit stating a loan is in default is sufficient for purposes of Civ.R. 56, in the absence of evidence controverting those averments. *Perpetual Fed. Sav. Bank v. TDS2 Property Mgt., L.L.C.*, 2009-Ohio-6774, ¶ 20 (10th Dist.), citing *Bank One, N.A. v. Swartz*, 2004-Ohio-1986, ¶ 14 (9th Dist.). With this evidence, and even without considering any admissions by Leeper, Kemba Financial met its initial burden of pointing to evidentiary materials of the type listed in Civ.R. 56(C) showing there is no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. Thus, to avoid summary judgment, Leeper was required to set forth by evidence permitted under Civ.R. 56(C) specific facts showing that there is a genuine issue for trial.

{¶ 18} Leeper's assignments of error and arguments involve assertions that the trial court erred by failing to consider evidence and factual arguments submitted or made in Leeper's response to Kemba Financial's motion for summary judgment. Leeper's unsupported allegations and unauthenticated exhibits, however, were insufficient to satisfy her reciprocal burden under Civ.R. 56. *See* Civ.R. 56(E). Civ.R. 56(C) limits the types of documentary evidence a party may use in support of or in opposition to summary judgment. *Arnold v. Columbus*, 2015-Ohio-4873, ¶ 31 (10th Dist.). Documents that do not fall within one of the categories of evidence listed in Civ.R. 56(C) may be introduced as proper evidentiary material for purposes of summary judgment only when they are

incorporated by reference into a properly framed affidavit pursuant to Civ.R. 56(E). *Thompson v. Hayes*, 2006-Ohio-6000, ¶ 103 (10th Dist.). " 'Documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court.' " *Id.*, quoting *State ex rel. Shumway v. State Teachers Retirement Bd.*, 114 Ohio App.3d 280, 287 (10th Dist. 1996).

{¶ 19} The documents attached to Leeper's response to Kemba Financial's motion for summary judgment are not "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, [or] written stipulations of fact" and are not authenticated by way of affidavit. Civ.R. 56(C). The trial court therefore properly refrained from reviewing them pursuant to the plain text of Civ.R. 56. *See Nationstar Mortg.*, *L.L.C. v. Bates-Brown*, 2019-Ohio-1073, ¶ 20 (10th Dist.).

{¶ 20} When a motion for summary judgment has been supported with evidence of the types contemplated in Civ.R. 56(C), the nonmoving party's reciprocal burden requires the nonmoving party to respond with evidence as contemplated in Civ.R. 56(C) to demonstrate that there is a genuine issue as to some material fact for trial. *Jones v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1319, ¶ 12. Leeper does not dispute the existence of her automobile loan and credit card account with Kemba Financial, but challenges Kemba Financial's right to collect and the amount she owes, based largely on her belief that Kemba Financial improperly imposed and charged her for force-placed insurance. She did not, however, submit any evidence admissible under Civ.R. 56(C) in support of those allegations. Because Leeper did not meet her reciprocal burden under Civ.R. 56(E), and because Kemba Financial presented evidence demonstrating the absence of any genuine issue of material fact and that it was entitled to judgment as a matter of law, we conclude that the trial court did not err in granting Kemba Financial's motion for summary judgment.

## IV. CONCLUSION

{¶ 21} For these reasons, we overrule Leeper's seven assignments of error and affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

JAMISON and DINGUS, JJ., concur.